[counsel on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHICKEN SOUP FOR THE SOUL, LLC, | Case No. 3:26-cv-02333-VC |
| Plaintiff, | **JOINT INITIAL CASE MANAGEMENT STATEMENT** |
| v. | Trial Date: None |
| META PLATFORMS, INC., | Date Action Filed: March 17, 2026 |
| Defendant. | Initial Case Management Conference Date: May 22, 2026 Time: 10:00 AM |
| | Judge: The Hon. V. Chhabria |
| COGNELLA, INC., | Case No. 3:26-cv-04053-VC |
| Plaintiff, | **JOINT INITIAL CASE MANAGEMENT STATEMENT** |
| v. | Trial Date: None |
| META PLATFORMS, INC., | Date Action Filed: May 4, 2026 |
| Defendant. | Initial Case Management Conference Date: May 22, 2026 Time: 10:00 AM |
| | Judge: The Hon. V. Chhabria |
| CARREYROU ET AL., | Case No. 3:26-cv-03725-VC |
| Plaintiffs, | **JOINT INITIAL CASE MANAGEMENT STATEMENT** |
| v. | Trial Date: None |
| META PLATFORMS, INC., | Date Action Filed: December 22, 2025 |
| Defendant. | Initial Case Management Conference Date: May 22, 2026 Time: 10:00 AM |
| | Judge: The Hon. V. Chhabria |

Case No. 3:26-cv-02333-VC

JOINT INITIAL CASE MANAGEMENT STATEMENT

## BACKGROUND AND INTRODUCTION

Pursuant to the Court's April 21 and May 12 Orders setting Initial Case Management Conferences in the above-listed cases, Plaintiffs Chicken Soup for the Soul, LLC ("Chicken Soup"), Cognella, Inc. ("Cognella"), Cambronne Inc. ("Cambronne"), Lisa Baretta, Philip Shishkin, Jane Adams, Matthew Sacks, and Michael Kochin (together with Cambronne, Baretta, Shishkin, Adams, and Sacks, the "Cambronne Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively the "Parties"), hereby submit the following Joint Case Management Statement in advance of the Initial Case Management Conferences scheduled for May 22, 2026.[1]

Plaintiffs intend to file amended complaints in both *Chicken Soup for the Soul, LLC v. Meta Platforms*, No. 3:26-cv-02333-VC, and *Cambronne et al. v. Meta Platforms, Inc.*, 3:26-cv-03725-VC,[2] to bring the operative complaints in those cases in line with the complaint filed in *Cognella, Inc. v. Meta Platforms, Inc.*, 3:26-cv-04053-VC.[3] Plaintiffs anticipate that the amended complaints will assert claims for direct copyright infringement (for reproduction and distribution), contributory copyright infringement, and removal of copyright management information against Meta. These claims are similar to those asserted in *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, No. 3:25-cv-09579-VC ("*Entrepreneur*"). Plaintiffs also anticipate that their amended complaint will add additional copyrighted works subject to the claims at issue. Meta denies these claims and denies all liability for copyright infringement.

---

[1] For ease of reference, all references are made simply to "Plaintiffs."

[2] The lead plaintiff in Case No. 3:26-cv-03725-VC was John Carreyrou, and as such, the case was previously captioned *Carreyrou et al. v. Meta Platforms, Inc.* On March 10, 2026, before the *Carreyrou* plaintiffs' claims against Meta were severed from the case, the plaintiffs filed an Amended Complaint, ECF 119, in which Carreyrou was dropped as a plaintiff and replaced with Carreyrou's entity that owns the legal rights to his work, *Bad Blood: Secrets and Lies in a Silicon Valley Startup*.

[3] Plaintiffs also anticipate filing an amended complaint in *Cognella*, but potentially only for the purpose of supplementing the list of copyrighted works covered by that suit.

Plaintiffs' counsel also anticipates filing additional similar suits on behalf of other clients against Meta in short order unless the Parties can reach a tolling agreement.

Given the similarity between these three cases and *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv03417-VC, and *Entrepreneur*, the Parties anticipate that these cases can move forward expeditiously and efficiently, in a coordinated manner. To promote judicial economy and reduce the burden on the parties, Meta believes the cases can move forward on the same schedule as *Entrepreneur*. Plaintiffs are amenable to proceeding on the *Entrepreneur Media* schedule assuming that the Parties can quickly reach an agreement on a protective order and order governing the discovery and production of electronically stored information; that discovery from *Kadrey* and *Entrepreneur* is quickly produced; that there is coordination among the various parties to these suits on the scheduling and taking of depositions; and that discovery disputes are quickly identified, raised, and resolved.

### A.    Jurisdiction and Service

Plaintiffs bring claims under federal copyright law and allege that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1131 and 1338(a). Meta does not challenge personal jurisdiction. No Defendant remains to be served.

### B.    Facts and Legal Issues

Plaintiffs' Statement:

Plaintiffs are authors and publishers of thousands of copyrighted works. In these copyright infringement actions, Plaintiffs allege that Meta obtained pirated copies of many of their copyrighted works—largely from "shadow libraries"—and then used those pirated copies to build and train its Llama series of large language models. In *Cognella*, Plaintiff not only alleges that Meta downloaded and reproduced its copyrighted works without permission or license, but also that Meta distributed such works and removed copyright management information from those works. Cognella asserts causes of action for direct infringement (reproduction and distribution) (17 U.S.C. § 501), contributory infringement (17 U.S.C. § 501), and removal of copyright management information (17 U.S.C. § 1202). Plaintiffs anticipate that all of these claims will be brought in amended

JOINT INITIAL CASE MANAGEMENT STATEMENT

complaints filed in *Chicken Soup* and *Cambronne*. Plaintiffs allege that Meta's infringement was both without authorization and willful.

Plaintiffs seek all available relief including statutory damages for copyright infringement under 17 U.S.C. § 501, injunctive relief, an award of restitution, disgorgement, costs, expenses, and attorneys' fees as permitted by law (including those allowable under 17 U.S.C. § 501 and/or 17 U.S.C. § 1203(b)(4)-(5)).

As far as legal issues, Plaintiffs anticipate, based on litigations raising similar issues—*see, e.g.*, *Kadrey*, *Bartz et al. v. Anthropic PBC*, No. 3:24-cv-05417-AMO (N.D. Cal.)—that Meta will seek to justify its conduct through invocation of the fair use doctrine. Plaintiffs contend that Meta's abuses of its copyrighted works, which were obtained directly or indirectly from pirated sources, were fundamentally unfair as a matter of law (at minimum, any fair use defense Meta asserts will be a jury question).

Meta's Statement:

Meta is a technology company focused on developing tools that help people connect, communicate, and build communities, such as Facebook, Instagram, Threads, and WhatsApp. Meta's development of its Llama line of large language models ("LLMs") began in 2022 as a research project focused on creating an LLM to assist with proving mathematical theorems. Between 2023 and 2025, Meta released a series of Llama models labeled Llama 1 through 4 to innovate and deliver new technologies, products, and services to the public.

Plaintiffs allege they are authors and publishers of hundreds of copyrighted works that were included in data sets created by third parties. Plaintiff alleges that these data sets were among the various data sources used to train Meta's Llama LLMs.

Plaintiffs allege or will allege in amended complaints that Meta engaged in actions related to the creation, maintenance, and operation of the Llama LLMs that violate Plaintiffs' rights under theories of direct copyright infringement (17 U.S.C. § 501), contributory copyright infringement (17 U.S.C. § 501), and violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202).

Although discovery has not yet begun in these cases, Meta preliminarily identifies the following principal facts in dispute: (a) whether the Plaintiffs have valid, subsisting copyrights in

each of the asserted works; (b) whether Meta created or distributed unauthorized "copies" of Plaintiffs' copyrighted works in connection with its training and development of its Llama models; (c) whether Plaintiffs' asserted works were registered prior to the alleged infringement and prior to the filing of the complaint; (d) whether Plaintiffs have been injured by the alleged infringement; and (e) whether Meta's use of Plaintiffs' works, if any, constituted fair use, which Meta believes is the case for various reasons including the transformative nature of the use and the lack of an adverse impact on the market for or value of Plaintiffs' allegedly infringed works.

Meta denies that it is liable for any alleged violation of Plaintiffs' rights that may have occurred during the process of sourcing data to train Llama and/or during the training and development of the Llama models.

To the extent that Meta made use of Plaintiffs' works in the process of researching, training, and developing Llama, such use was fair as a matter of law. *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026 (N.D. Cal. 2025); *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1196 (2021); *see also Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007); *Sega Enterprises Ltd. v. Accolade, Inc.*, 977 F.2d 1510 (9th Cir. 1992); *Authors Guild v. Google Inc.*, 805 F.3d 202 (2d. Cir. 2015); *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87 (2d Cir. 2014).

Meta also denies that Plaintiffs have been injured by any alleged infringement; if infringement were to be established, Meta reserves all rights to respond to any arguments by Plaintiffs with respect to entitlement to, and/or the amount of, any actual or statutory damages.

### C.    Motions

Meta previously filed an uncontested administrative motion to relate *Chicken Soup* and *Cambronne* to *Kadrey*. Plaintiffs previously filed an uncontested administrative motion to relate *Cognella* to *Kadrey*. The Court issued an order, on May 11, 2026, relating the three recently filed cases to *Kadrey*.

After the completion of discovery, the Parties contemplate cross motions for summary judgment.

JOINT INITIAL CASE MANAGEMENT STATEMENT

### D.    Amendments to Pleadings

<u>Plaintiffs' Statement:</u>

Plaintiffs anticipate filing amended complaints in all three cases.

To begin with, in *Chicken Soup* and *Cambronne*, Plaintiffs anticipate amending their complaints to bring the allegations and claims in line with the allegations and claims asserted in *Cognella*. Specifically, in *Chicken Soup* and *Cambronne*, Plaintiffs anticipate filing amended complaints that will (1) lodge allegations solely against Meta (and not against other entities that were previously severed or dismissed); and (2) add claims for contributory copyright infringement and removal of copyright management information in violation of 17 U.S.C. § 1202(b)(1). In addition to adding claims for contributory copyright infringement and removal of copyright management information, the amended complaints in these two cases will allege not only unlawful reproduction of copyrighted works, but also unlawful distribution of such works (as a basis for their direct copyright infringement claims).

Plaintiffs anticipate that, for at least *Cognella* and *Chicken Soup*, their amended pleadings will encompass *additional copyrighted works* that Meta downloaded, torrented, reproduced, distributed, and manipulated. As noted above, Cognella and Chicken Soup for the Soul own copyrights in thousands of works. In Plaintiffs' view, Meta alone possesses the information necessary and sufficient to determine which of Plaintiffs' copyrighted works Meta obtained, used, manipulated, and distributed. In light of this, Plaintiffs can agree to June 19, 2026 as the deadline by which to file their amended complaints (four weeks after the initial case management conference) so long as Meta promptly identifies, in response to Plaintiffs' discovery requests, *all of* Plaintiffs' copyrighted works that it downloaded, torrented, reproduced, distributed, and manipulated. If Meta is unable to identify all of Plaintiffs' copyrighted works that it downloaded, torrented, reproduced, distributed, and manipulated in short order (*i.e.*, with sufficient time for Plaintiffs to amend before June 19, 2026), then Plaintiffs propose an amendment deadline that is a set period of time after Meta's identification of this information.

Case No. 3:26-cv-02333-VC

JOINT INITIAL CASE MANAGEMENT STATEMENT

Meta's Statement:

Meta requests that June 19, 2026 be set as the deadline by which Plaintiffs must file amended complaints without leave of Court. Beyond that date, Meta reserves the right to oppose any application to amend and believes any amendment should not be granted absent a showing of good cause pursuant to Fed. R. Civ. P. 16(b). Meta will respond to Plaintiffs' discovery requests as promptly as possible and as permitted by the Federal Rules of Civil Procedure. Should Plaintiffs come to believe an extension of the deadline to amend is later necessary, Meta is willing to meet and confer with Plaintiffs to further discuss a suitable extension before the close of fact discovery.

**E.      Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have taken and will continue to take appropriate steps to preserve evidence for this case. The Parties agree to conduct a Rule 26(f) conference in advance of the CMC on May 22, 2026, and will meet and confer pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this case.

**F.      Disclosures**

The Parties have agreed to make initial disclosures no later than 14 days following the Rule 26(f) conference.

**G.      Discovery**

No discovery has been exchanged to date; however, the Parties have discussed discovery and are making progress toward expedited exchanges.

There are no currently identified discovery disputes. The Parties will meet and confer on discovery disputes that may arise in an effort to resolve them without court intervention.

The Parties agree to electronic service in all instances where such service is necessary.

Plaintiffs' Statement:

Given the claims that are asserted in *Kadrey* and *Entrepreneur*—including the fact that *Entrepreneur* also involves claims for contributory infringement and removal of copyright management information—Plaintiffs anticipate that discovery will largely be overlapping with the discovery in those cases. To this end, Plaintiffs will be seeking all discovery produced to the plaintiff

in *Entrepreneur Media*, as well as much of the discovery from *Kadrey* (including deposition transcripts and expert reports, among other things). Plaintiffs anticipate, however, making some of their own discovery requests, taking some of their own depositions, and do not agree to be limited to the requests and discovery that has already been obtained by the plaintiffs in those cases. Plaintiffs will seek efficiently to address any gaps or differences in the scope and emphasis of their allegations.

Meta's Statement:

Meta has proposed using the same protective order in these cases that was entered by the Court in *Entrepreneur* and is awaiting Plaintiffs' position on the protective order.

Meta anticipates reproducing the factual discovery produced in *Kadrey* and *Entrepreneur* with the exception of the discovery specific to the Plaintiffs in *Kadrey* and *Entrepreneur* (as to which Plaintiffs reserve all rights to object). Assuming the parties are able to reach agreement on a Protective Order beforehand, Meta anticipates being able to reproduce by June 1, 2026 the majority of the productions from the *Kadrey* and *Entrepreneur* cases. Meta may be able to reproduce these materials even earlier if the parties are able to reach agreement on a Protective Order in short order. For a minority of materials subject to third-party notification requirements, Meta will need to undertake the third-party notice process after the Court enters a protective order in the case before it can make any reproductions. Meta will agree to continue to reproduce materials produced in *Entrepreneur* to Plaintiffs on a rolling basis thereafter.

Given the breadth of discovery that will be reproduced to Plaintiffs, Meta believes there should be reasonable limits on any new discovery Plaintiffs can obtain beyond what has already been produced in *Kadrey* and *Entrepreneur*. Meta will meet and confer with Plaintiffs to attempt to reach agreement on any such limitations.

**1.    Discovery Limits**

The Parties agree to meet and confer to discuss any discovery limits that should be agreed to in these cases, including limits to the number of depositions taken by Plaintiffs and the number of Meta custodians beyond the discovery already provided in *Kadrey* and *Entrepreneur*. The Parties will raise any disputes with the Court for resolution.

### 2.    Production of Electronically Stored Information

The Parties will meet and confer pursuant to Rule 26(f), and have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties expect to attempt to come to agreement on a stipulated order regarding discovery and production of ESI to submit to the Court.

### 3.    Protective Order

Meta has proposed using the Protective Order that this Court entered in *Entrepreneur*. Plaintiffs are reviewing and the Parties expect to reach agreement and submit an appropriate protective order or raise any disagreements in advance such that the Court can resolve them at the upcoming conference.

### 4.    Deposition Logistics

The Parties will meet and confer regarding deposition logistics and in coordination with *Entrepreneur*.

### 5.    Discovery Issues and Potential Disputes

The Parties will meet and confer on any discovery disputes that may arise in an effort to resolve the disputes without court intervention. The Parties note that the Court has not yet referred these cases for discovery to Magistrate Judge Hixson but given his involvement with the *Kadrey* and *Entrepreneur* matters, the Parties anticipate that he will oversee any discovery disputes that may arise.

### H.    Class Action

These actions are not class actions. Plaintiffs are members of the putative class in the *Kadrey* action but are electing to pursue individual relief in lieu of seeking relief through the *Kadrey* class action.

### I.    Related Case

The three above-captioned cases have all been related to *Kadrey et al. v. Meta Platforms, Inc*, No. 3:23-cv-03417-VC. *Entrepreneur Media, LLC v. Meta Platforms, Inc*., 3:25-cv-09579-VC-TSH, has also been related to *Kadrey*.

**J.    Relief**

Plaintiffs anticipate having claims for direct copyright infringement (Count 1), contributory infringement (Count 2), and removal of copyright management information (Count 3). Plaintiffs anticipate seeking the following relief:

- A declaration that Meta has infringed Plaintiffs' exclusive copyrights under the Copyright Act;

- A declaration that such infringement was willful;

- A declaration that Meta violated 17 U.S.C. § 1202(b) through its removal of copyright management information;

- A permanent injunction enjoining Meta and all those acting in concert with it from engaging in the infringing conduct alleged;

- That Meta be directed to account to Plaintiffs for all gains, profits, and advantages derived from their unlawful acts;

- An award of statutory damages under the Copyright Act;

- An award of statutory or actual damages under 17 U.S.C. § 1203(c);

- An award of restitution, disgorgement, costs, expenses, and attorneys' fees as permitted by law;

- Pre- and post-judgment interest on the damages award to Plaintiffs; and

- Further relief for Plaintiffs as the Court may deem just and proper.

Meta reserves all rights, claims, and defenses available to it under the law, including to seek any attorneys' fees available under the law at the conclusion of the case.

Meta denies that Plaintiffs are entitled to any damages, injunction, or other equitable or monetary relief whatsoever. Meta believes it is premature to opine on methods of calculating potential damages.

**K.    Consent to Magistrate Judge**

The Parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

JOINT INITIAL CASE MANAGEMENT STATEMENT

**L.    Other References**

The Parties agree that this case is not suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

**M.    Settlement and ADR**

The Parties will comply with ADR L-R 3.5. The Parties are amenable to a settlement conference before a judicial officer, although they believe such a conference would be premature at this time.

**N.    Narrowing of Issues**

Plaintiffs' Statement:

There may be a number of key facts material to the case that are not reasonably in dispute. Those facts may involve Meta's downloading of copyrighted works from so-called shadow libraries, which shadow libraries Meta downloaded from, the means and method of obtaining copyrighted works from so-called shadow libraries (such as the means and method of download and the technology or technologies used to download or torrent data), the works contained in the shadow libraries from which Meta downloaded, Meta's use of software, scripts, or algorithms to strip copyrighted works of information that constitutes copyright management information, and Meta's reproduction of copyrighted works after it initially obtained such works from shadow libraries.

Meta's Statement:

Meta believes the facts identified by Plaintiffs above are still in dispute, particularly at the outset of discovery. Meta anticipates filing one or more motions for summary judgment, or other dispositive motions, seeking to narrow the issues in these cases.

**O.    Expedited Trial Procedures**

The Parties agree this case is inappropriate for the Expedited Trial Procedure of General Order 64.

**P.    Scheduling**

Plaintiffs' Statement:

Plaintiffs believe these cases can move forward expeditiously and efficiently given the litigation that has already happened in *Kadrey* and *Entrepreneur Media*. Plaintiffs acknowledge that

the claims they have brought and intend to bring are similar to those asserted in *Entrepreneur Media*, and therefore discovery will overlap in substantial part with that case. Accordingly, Plaintiffs are amenable to adoption of the *Entrepreneur Media* litigation schedule so long as the Parties can quickly reach an agreement on a protective order and order governing the discovery and production of electronically stored information; that discovery from *Kadrey* and *Entrepreneur* is quickly produced; that there is coordination among the various parties to these suits on the scheduling and taking of depositions; and that discovery disputes are quickly identified, raised, and resolved.

As noted above, the Parties agree that initial disclosures will be made no later than 14 days following the Rule 26(f) conference, which is scheduled to occur before the initial case management conference.

Meta's Statement:

Meta agrees these cases can and should move forward expeditiously and efficiently given the litigation that has already happened in *Kadrey* and *Entrepreneur* and believes that coordination with those related actions will promote judicial efficiency and reduce the burden on the parties. Plaintiffs already acknowledge that the claims they have brought and intend to bring parallel those asserted in *Entrepreneur*, and therefore discovery will overlap in substantial part with that case. To achieve coordination, Meta believes these cases should proceed on the schedule currently set out in *Entrepreneur.*

To the extent the Court disagrees and believes that the *Chicken Soup*, *Cambronne*, and *Cognella* Plaintiffs should be afforded additional time, Meta reserves the right to seek a modification of the *Entrepreneur* schedule such that full coordination across the related cases can be achieved, which Meta believes would benefit all parties and the Court.

**Q.     Trial**

Plaintiff has requested a trial by jury on all claims allowed.

**R.     Length of Trial**

Plaintiffs estimate that trial will take three to five weeks.

Meta believes that it is premature to estimate the length of trial at this time.

Case No. 3:26-cv-02333-VC

JOINT INITIAL CASE MANAGEMENT STATEMENT

**S.    Disclosure of Non-party Interested Entities or Persons**

Plaintiffs:

Plaintiffs have filed their respective Certificates of Interested Entities or Persons under Civil Local Rule 3-15. The following listed persons, associations of persons, firms, partnerships, corporations, or other entities (i) have a financial interest in the subject matter or in a party to the proceedings, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of these proceedings:

- Chicken Soup for the Soul, LLC, as Plaintiff;
- Chicken Soup for the Soul Holdings LLC, as owner of a majority interest in Plaintiff;
- E Brands LLC, as owner of a majority interest in Chicken Soup for the Soul Holdings LLC;
- Trema LLC, as owner of a majority interest in E Brands LLC;
- Cognella, Inc. as Plaintiff;
- Cambronne Inc., Lisa Baretta, Philip Shishkin, Jane Adams, Matthew Sacks, and Michael Kochin, as Plaintiffs;
- John Carreyrou, as the owner of Plaintiff Cambronne, Inc.
- ClaimsHero Holdings LLC, as Counsel for Plaintiffs;
- Freedman Norman Friedland LLP, as Counsel for Plaintiffs; and
- Stris & Maher LLP, as Counsel for Plaintiffs.

Meta:

Meta has its respective Certificate of Interested Entities or Persons under Civil Local Rule 3-15 in *Cambronne*, *Chicken Soup*, and *Cognella* on January 26, 2026 (Dkt. No. 68), April 14, 2026 (Dkt. No. 38), and May 14, 2026 (Dkt. No. 20), respectively.

**T.    Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**U.    Other**

The Parties are not aware of other matters that may facilitate the resolution of this matter.

Dated:  May 15, 2026                                    Respectfully Submitted,

By */s/ Karen L. Dunn*                             By */s/ Christopher M. Rigali*

JOINT INITIAL CASE MANAGEMENT STATEMENT

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com
cghazarian@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela L. Dunning (212047)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

**STRIS & MAHER LLP**
Elizabeth Brannen (SBN 226234)
ebrannen@stris.com
John Stokes (SBN 310847)
jstokes@stris.com
Lauren Martin (SBN 294367)
lmartin@stris.com
17785 Center Court Dr N, Ste 600
Cerritos, CA 90703
T: (213) 995-6800
F: (213) 261-0299

Christopher M. Rigali (*pro hac vice*)
crigali@stris.com
Jacqueline Sahlberg (*pro hac vice*)
jsahlberg@stris.com
1717 K St NW Ste 900
Washington, DC 20006
T: (202) 800-5749

**FREEDMAN NORMAND FRIEDLAND LLP**
Devin (Velvel) Freedman (*pro hac vice* forthcoming)
vel@fnf.law
Kyle Roche (*pro hac vice* forthcoming)
kroche@fnf.law
Alex Potter (*pro hac vice* forthcoming)
apotter@fnf.law
155 E. 44th Street, Ste 915
New York, NY 10017
T: (646) 494-2900

*Attorneys for Plaintiff Chicken Soup for the Soul, LLC*

JOINT INITIAL CASE MANAGEMENT STATEMENT

*Attorneys for Defendant Meta Platforms, Inc.*

JOINT INITIAL CASE MANAGEMENT STATEMENT

**<u>FILER'S ATTESTATION</u>**

I, Christopher M. Rigali, am the CM/ECF user whose ID and password are being used to file this Joint Initial Case Management Statement. Pursuant to Civil Local Rule No. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated:  May 15, 2026

By */s/ Christopher M. Rigali*
Christopher M. Rigali

1

Case No. 3:26-cv-02333-VC

JOINT INITIAL CASE MANAGEMENT STATEMENT