DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
kdunn@dirllp.com
JESSICA E. PHILLIPS (*pro hac vice*)
jphillips@dirllp.com
KYLE N. SMITH (*pro hac vice*)
ksmith@dirllp.com
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
151 University Avenue
Palo Alto, CA 94301
Telephone: (650) 815-4131

COOLEY LLP
MARK R. WEINSTEIN (193043)
mweinstein@cooley.com
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone: (650) 843-5000

PHILLIP MORTON (*pro hac vice*)
pmorton@cooley.com
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

Counsel for Defendant Meta Platforms, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

CHICKEN SOUP FOR THE SOUL, LLC,

Plaintiff,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 3:26-cv-02333-VC

**DEFENDANT META PLATFORMS, INC.'S ANSWER TO THE AMENDED COMPLAINT**

Action Filed: March 17, 2026

Judge: Vince Chhabria

**<u>DEFENDANT META PLATFORMS, INC.'S ANSWER TO THE COMPLAINT</u>**

Defendant Meta Platforms, Inc. ("Meta"), by and through counsel, hereby responds to the Complaint filed by Plaintiff Chicken Soup For The Soul, LLC, ("Chicken Soup" or "Plaintiff"). Unless specifically admitted, Meta denies each of the allegations in the Complaint.

1. Meta admits that Chicken Soup brings this action against Meta. Except as expressly admitted, Meta denies the allegations set forth in Paragraph 1.

**<u>INTRODUCTION</u>** [1]

2. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Meta admits that Plaintiff purports to own copyrights in the works it is asserting in this action. Meta further admits that it has created a series of large language models ("LLMs") under the name Llama. Meta admits that it used publicly available data to research, develop, and train its Llama models. Meta further admits that it internally discussed licensing certain types of data to train its Llama models. Meta admits that in some cases, Meta chose to train its Llama models using publicly available data. Meta further admits that it did not obtain a license or pay for the use of works Plaintiff is asserting in this action. Meta objects to the definition of "Llama" in Footnote 1, which purports to cover Llama models at "any stage of their development or deployment," and on that basis denies the same. Except as expressly admitted, Meta denies the allegations in Paragraph 2, including any implication as to the validity of Plaintiff's claimed copyrights.

3. As Paragraph 3 pertains generally to LLMs and generative AI and not any particular LLMs or generative AI technologies of Meta, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3. To the extent this paragraph is intended to pertain specifically to Meta, Meta admits that Meta is one of several companies developing generative AI models. Except as expressly admitted, Meta denies the allegations in Paragraph 3.

4. To the extent Paragraph 4 pertains generally to LLMs and not any particular Meta generative AI models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. To the extent this paragraph is intended to pertain specifically to Meta, Meta admits

---

[1] Meta includes headings as listed in the Complaint for convenience only, and denies any allegations therein.

that some of its Llama models have been trained using training datasets composed of large amounts of text data and that data can be used to pretrain and finetune LLMs and to assess the general knowledge and expressive abilities of models. Except as expressly admitted, Meta denies the allegations in Paragraph 4.

5.    Meta admits that it contacted certain publishers, internally discussed licensing certain types of data to train its Llama models, and ultimately, in some cases, decided to train the Llama models using publicly available data. Meta admits that it obtained publicly available data to research, develop, and train its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 5.

6.    To the extent the allegations in this paragraph contain a general description of "torrenting" and legal conclusions, no response is required. To the extent a response is required, Meta admits that in some instances, it downloaded via torrenting certain portions of publicly available datasets. Except as expressly admitted, Meta denies the allegations in Paragraph 6.

7.    The allegations in this paragraph contain a description of "torrenting" and legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 7. To the extent Paragraph 7 summarizes or characterizes the Copyright Act, the Act speaks for itself.

8.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Meta admits that it has removed repetitive text from certain training data for its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 8.

9.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 9.

10.    The allegations in this paragraph contain recitations of Plaintiff's stated litigation strategy and legal conclusions to which no response is required. To the extent a response is required, Meta admits that it has done revenue projections related to its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 10. To the extent Paragraph 10 summarizes or characterizes the Copyright Act, the Act speaks for itself.

11.     The allegations in this paragraph contain recitations of the remedies Plaintiff seeks to which no response is required. To the extent a response is required, Meta admits that Plaintiff purports to seek the stated remedies, but denies that Plaintiff is entitled to any of these remedies or any other relief. Except as expressly admitted, Meta denies the allegations in Paragraph 11.

12.     The allegations in this paragraph contain recitations of Plaintiff's stated litigation strategy and legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations related to Plaintiff's intentions and motivations and denies all other allegations in Paragraph 12.

13.     The allegations in this paragraph contain recitations of Plaintiff's stated litigation strategy and legal conclusions to which no response is required. To the extent the allegations set forth in this paragraph purport to summarize or characterize the opinion cited in Footnote 2, the document speaks for itself. To the extent a response is required, Meta denies the allegations in Paragraph 13.

14.     The allegations in this paragraph contain recitations of Plaintiff's stated litigation strategy and legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations related to Plaintiff's intentions and motivations and denies all other allegations in Paragraph 14. To the extent Paragraph 14 summarizes or characterizes the Copyright Act, the Act speaks for itself.

## PARTIES

### A. Plaintiff

15.     Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, including any implication as to the validity of Plaintiff's claimed copyrights.

16.     Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, Footnote 3, or as to the content of Exhibit A, including any implication as to the validity of Plaintiff's claimed copyrights.

### B. Defendant

17.     Meta admits that it is a Delaware corporation with its principal place of business in Menlo Park, California. Meta further admits that it has created a series of LLMs under the name Llama. Meta

admits that it used publicly available data to research, develop, and train its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 17.

## JURISDICTION AND VENUE

18.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Meta admits that this action purports to assert claims based upon the copyright laws of the United States, 17 U.S.C. § 101 et seq., and that the Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), provided that standing and other requirements are met. Except as expressly admitted, Meta denies the allegations in Paragraph 18.

19.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Meta admits that this Court has personal jurisdiction over it with respect to the instant action. Except as expressly admitted, Meta denies the allegations in Paragraph 19.

20.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Meta admits that venue is proper in this judicial district. Except as expressly admitted, Meta denies the allegations in Paragraph 20.

## FACTUAL ALLEGATIONS

### A.  Chicken Soup and its Protected Works

21.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 pertaining to Plaintiff.  To the extent Paragraph 22 pertains generally to companies developing LLMs, Meta lacks knowledge and information sufficient to form a belief as to the

truth of those allegations. To the extent this Paragraph is intended to pertain specifically to Meta, Meta denies the allegations in this paragraph.

23.    Meta admits that it used books data, among many other materials, to research, develop, and train its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 23.

24.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 pertaining to Plaintiff. Meta admits that it has created a series of LLMs under the name Llama. Meta further admits that it did not obtain a license or pay for the use of works Plaintiff is asserting in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 24 pertaining to Meta.

25.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Meta admits that it obtained, via direct download and/or torrenting, portions of publicly available datasets including LibGen, Z-Library, Anna's Archive, and Books3, and that Meta used portions of this data to research, develop, and train certain Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 25.

**B.  LLMs and the Generative AI "Arms Race"**

26.    As Paragraph 26 pertains generally to generative AI and not any particular generative AI technologies of Meta, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26. To the extent this paragraph is intended to pertain specifically to Meta, Meta admits that its Llama models can create outputs in response to user prompts. Except as expressly admitted, Meta denies the allegations in Paragraph 26.

27.    As Paragraph 27 pertains generally to LLMs and not any particular LLM of Meta, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27. To the extent this paragraph pertains specifically to Meta, Meta admits that text data can be used to pretrain and finetune its Llama models and to assess the general knowledge and expressive abilities of models. Except as expressly admitted, Meta denies the allegations in Paragraph 27.

28.    As Paragraph 28 pertains generally to LLMs and not any particular LLM of Meta, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28. To the extent this paragraph is intended to pertain specifically to Meta, Meta admits that some of its

Llama models have been trained using training datasets composed of large amounts of text data and that data can be used to pretrain and finetune its Llama models and to assess the general knowledge and expressive abilities of models. Meta admits that for purposes of the Complaint, "training" refers to all stages of the LLM training process but denies that "training" has that meaning in all contexts. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the document cited in Footnotes 4 and 5, the document speaks for itself.

29. To the extent Paragraph 29 pertains generally to LLMs and not any particular Meta generative AI models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. To the extent this paragraph is intended to pertain specifically to Meta, Meta admits that some of its Llama models have been trained using training datasets composed of large amounts of text data and that data can be used to pretrain and finetune its Llama models and to assess the general knowledge and expressive abilities of models. Meta further admits that it removed repetitive text from certain training data. Except as expressly admitted, Meta denies the allegations in Paragraph 29.

30. To the extent Paragraph 30 pertains generally to LLMs and not any particular Meta generative AI models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 6, the article speaks for itself.

31. To the extent Paragraph 31 pertains generally to LLMs and not any particular Meta generative AI models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 7, the article speaks for itself.

32. To the extent Paragraph 32 pertains generally to LLMs and not any particular Meta generative AI models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. To the extent this paragraph is intended to pertain specifically to Meta, Meta admits that some of its Llama models have been trained using training datasets composed of large amounts of text data and that data can be used to pretrain and finetune its Llama models and to assess the general knowledge and expressive abilities of models. Except as expressly admitted, Meta denies the allegations

in Paragraph 32. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 8, the article speaks for itself.

33. To the extent Paragraph 33 pertains generally to LLMs and not any particular Meta generative AI models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. To the extent this paragraph is intended to pertain specifically to Meta, Meta admits that it used books data, among many other materials, to research, develop, and train its Llama models. Meta further admits that some of its Llama models have been trained using training datasets composed of large amounts of text data and that data can be used to pretrain and finetune its Llama models and to assess the general knowledge and expressive abilities of models. Except as expressly admitted, Meta denies the allegations in Paragraph 33. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 9, the article speaks for itself.

34. Meta admits that it used books data, among many other materials, to research, develop, and train its Llama models. Meta further admits that it contacted certain publishers, internally discussed licensing certain types of data to train its Llama models, and ultimately decided to train some of the Llama models using publicly available data. Except as expressly admitted, Meta denies the allegations in Paragraph 34 pertaining to Meta. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations pertaining to third-parties. To the extent the allegations set forth in this paragraph purport to summarize or characterize filings or opinions in *Kadrey v. Meta Platforms, Inc.,* Case No. 3:23-cv-03417-VC (N.D. Cal.), cited in Footnotes 10 and 11, the documents speak for themselves.

35. Meta admits that certain of its employees commented on the use of books data to train its Llama models. Meta further admits that its Llama models have been trained using training data, including books data, among many other materials. Except as expressly admitted, Meta denies the allegations in Paragraph 35.

36. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the articles cited in Footnotes 12 and 13, the articles speak for themselves.

37.    Meta denies the allegations in Paragraph 37. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the articles cited in Footnote 14, the articles speak for themselves.

38.    Meta admits that it obtained publicly available data that it used to train its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 38.

**C.  Shadow Libraries, The Pile, and Torrenting**

39.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the articles cited in Footnotes 15 and 16, the articles speak for themselves.

40.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 17, the article speaks for itself.

41.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the articles or court filings in the *Cengage Learning, Inc. v. Does 1-50*, No. 23-cv-8136 and *In re OpenAI, Inc., Copyright Infringement Litig.*, No. 1:25-md-03143 matters, cited in Footnotes 18 and 19, the documents speak for themselves.

42.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 20, the article speaks for itself.

43.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnotes 21 and 22, the article speaks for itself.

44.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the documents cited in Footnotes 23 and 24, the articles speak for themselves.

45. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 25, the article speaks for itself.

46. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 26, the article speaks for itself.

47. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 47. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 27, the article speaks for itself.

48. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 48. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 28, the article speaks for itself.

49. Meta admits that it used publicly available data to research, develop, and train its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 49.

50. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 50. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the documents cited in Footnotes 29–32, the documents speak for themselves.

51. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 51. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the documents cited in Footnotes 33–36, the documents speak for themselves.

52. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 52. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 37, the article speaks for itself.

53. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 53. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnotes 38 and 39, the article speaks for itself.

54. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 54. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the documents cited in Footnotes 40 and 41, the documents speak for themselves.

55. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 56. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the documents cited in Footnotes 42 and 43, the documents speak for themselves.

57. The allegations in this paragraph contain a description of "torrenting" and legal conclusions to which no response is required. To the extent this paragraph is intended to pertain specifically to Meta, Meta admits that it downloaded data, including via torrenting, to download portions of certain publicly available datasets. Except as expressly admitted, Meta denies the allegations in Paragraph 57.

**D. Meta's Deliberate Use of Pirated Datasets to Train the Llama Family of Models**

58. Meta admits that it has created a series of LLMs under the name Llama and that it has invested billions of dollars to develop its generative AI offerings. Meta further admits that it did not obtain a license or pay for the use of works Plaintiff is asserting in this action. Meta admits that it has done revenue projections related to its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 58. To the extent the allegations in this paragraph purport to summarize or characterize a court filing in the matters *Cambronne Inc., et al. v. Anthropic PBC*, 5:25-cv-10897-PCP and *Kadrey v. Meta Platforms, Inc.*, 3:23-cv-03417-VC-TSH, cited in Footnotes 44–46, the documents speak for themselves.

59. Meta admits the allegations in Paragraph 59.

60. Meta admits that its CEO made public statements concerning Llama and Meta's generative AI tools. Meta admits that it obtained publicly available data that included books data and that Meta used portions of this data to research, develop, and train its Llama models. Except as expressly

admitted, Meta denies the allegations in Paragraph 60. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 47, the article speaks for itself.

61.    Meta admits that certain of its employees commented on the use of books data to train its Llama models. Meta further admits that its Llama models have been trained using training data, including books data, among many other materials. Except as expressly admitted, Meta denies the allegations in Paragraph 61. To the extent the allegations set forth in this paragraph purport to summarize or characterize court filings in the matter *Kadrey v. Meta Platforms, Inc.*, 3:23-cv-03417-VC-TSH, cited in Footnote 48, the document speaks for itself.

62.    Meta admits that data from LibGen was downloaded in or about October 2022, prior to the release of Llama 1. Except as expressly admitted, Meta denies the allegations in Paragraph 62. To the extent the allegations set forth in this paragraph purport to summarize or characterize a court filing in the matter *Kadrey v. Meta Platforms, Inc.*, 3:23-cv-03417-VC-TSH, cited in Footnote 49, the document speaks for itself.

63.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 63.

64.    Meta admits that it trained Llama 1 using data that was included in Books 3. Meta further admits that data from LibGen was downloaded in or about October 2022, prior to the release of Llama 1, for purposes of researching, developing, and training Llama 1, but that Llama 1 was not trained on any data from LibGen. Except as expressly admitted, Meta denies the allegations in Paragraph 64.

65.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Meta admits that the paper "LLaMA: Open and Efficient Foundation Language Models" ("Llama 1 Paper") discusses data used to train Llama 1, and that the Llama 1 Paper states that the datasets used to train Llama 1 were publicly available. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnotes 50–52, the article speaks for itself.

66.    Meta admits that it obtained data from publicly available sources such as CommonCrawl, and that this data was used to develop and train Llama 1. Except as expressly admitted, Meta denies the

allegations in Paragraph 66. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the articles cited in Footnotes 53–55, the articles speak for themselves.

67. Meta admits that it contacted certain publishers and internally discussed licensing certain types of data to train its Llama models. Meta further admits that data from LibGen was downloaded in or around spring 2023 and used to develop and train certain of Meta's Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 67. To the extent the allegations in this paragraph purport to summarize or characterize a court filing in the matters *Cambronne Inc., et al. v. Anthropic PBC*, 5:25-cv-10897-PCP and *Kadrey v. Meta Platforms, Inc.*, 3:23-cv-03417-VC-TSH, cited in Footnotes 56 and 57, the documents speak for themselves.

68. Meta admits that it contacted certain publishers, internally discussed licensing certain types of data to train its Llama models, and ultimately decided to train some of its Llama models using publicly available data. Except as expressly admitted, Meta denies the allegations in Paragraph 68.

69. Meta admits that it obtained data from Anna's Archive in 2024. Except as expressly admitted, Meta denies the allegations in Paragraph 69. To the extent the allegations in this paragraph purport to summarize or characterize a court filing in the matter *Kadrey v. Meta Platforms, Inc.*, 3:23-cv-03417-VC-TSH, cited in Footnote 58, the document speaks for itself.

70. Meta admits that it obtained data from publicly available sources such as Z-Library, Sci-Hub, and LibGen for purposes of developing and training Llama. Except as expressly admitted, Meta denies the allegations in Paragraph 70. To the extent the allegations in this paragraph purport to summarize or characterize a court filing in the matters *Cambronne Inc., et al. v. Anthropic PBC*, 5:25-cv-10897-PCP and *Kadrey v. Meta Platforms, Inc.*, 3:23-cv-03417-VC-TSH, cited in Footnotes 59 and 60, the documents speak for themselves.

71. The allegations in Paragraph 71 contain legal conclusions to which no response is required. To the extent a response is required, Meta admits that it downloaded publicly available data, which included downloads via both direct download and torrenting protocol. Except as expressly admitted, Meta denies the allegations in Paragraph 71. To the extent the allegations in this paragraph purport to summarize or characterize a court filing in the matters *Cambronne Inc., et al. v. Anthropic*

*PBC*, 5:25-cv-10897-PCP and *Kadrey v. Meta Platforms, Inc.*, 3:23-cv-03417-VC-TSH, cited in Footnotes 61 and 62, the documents speak for themselves.

72. The allegations in Paragraph 72 contain legal conclusions to which no response is required. To the extent a response is required, Meta admits that it downloaded via torrenting certain portions of publicly available datasets. Except as expressly admitted, Meta denies the allegations in Paragraph 72 pertaining to Meta. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to third parties.

73. The allegations in Paragraph 73 contain legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 73.

74. The allegations in Paragraph 74 contain legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 74 pertaining to Meta. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to third parties.

75. Meta admits that certain of its employees commented regarding the use of data sourced from certain websites to train certain Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 75.

76. Meta admits that it downloaded via torrenting certain portions of publicly available datasets, including Anna's Archive and LibGen. Except as expressly admitted, Meta denies the allegations in Paragraph 76.

77. Meta admits that it downloaded data, via direct download and/or torrenting, certain portions of publicly available datasets for purposes of developing and training certain Llama models, through 2024. Except as expressly admitted, Meta denies the allegations in Paragraph 77.

78. Meta admits that it has used web crawlers to download publicly available data available on publicly accessible websites for training its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 78, including any implication as to the validity of Plaintiff's claimed copyrights.

79. Meta admits that it has removed repetitive text from certain training data for its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 79.

80.    Meta admits that it created a script to remove repetitive text from the training data for its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 80. To the extent the allegations in this paragraph purport to summarize or characterize court filings in the matter *Kadrey v. Meta Platforms, Inc.*, 3:23-cv-03417-VC-TSH, cited in Footnotes 63 and 64, the documents speak for themselves.

81.    Meta admits that it obtained portions of publicly available datasets including LibGen, Z-Library, Anna's Archive, and Books3, and that Meta used portions of this data to research, develop, and train certain Llama models. Meta lacks knowledge sufficient to form a belief as to where the Chicken Soup Works appear. Except as expressly admitted, Meta denies the allegations in Paragraph 81.

82.    Meta admits that it obtained publicly available data from sources such as LibGen, Z-Library, Anna's Archive, and Books 3, portions of which were utilized to research, develop, and train certain Llama models. To the extent the allegations in this paragraph purport to summarize or characterize a court filing in the matter *Cambronne Inc., et al. v. Anthropic PBC*, 5:25-cv-10897-PCP, cited in Footnote 65, the document speaks for itself. Except as expressly admitted, Meta denies the allegations in Paragraph 82.

83.    Meta denies the allegations in Paragraph 83 pertaining to Meta. Meta lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 83 pertaining to third parties. To the extent the allegations in this paragraph purport to summarize or characterize a court filing in the matter *Bartz v. Anthropic*, No.  3:24-cv-05417-WHA, cited in Footnote 66, the document speaks for itself.

84.    Meta admits that, beginning with Llama 2, it has incorporated technology based on Llama into its other products, including Facebook, Instagram, and WhatsApp. Meta further admits that it provided free downloads of various versions of its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 84.

**E.  Meta's Conduct Harms the Market for Plaintiff's Copyrighted Materials**

85.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 85.

86.    The allegations in Paragraph 86 contain legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 86 pertaining to Meta. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning Plaintiff.

87.    Meta admits that Plaintiff purports to own copyrights in the works it is asserting in this action. Meta admits that it obtained publicly available data, portions of which were utilized to research, develop, and train its Llama models, and that it did not obtain a license for the use of works Plaintiff is asserting in this action. Meta further admits that its LLMs can create text outputs in response to user prompts. Except as expressly admitted, Meta denies the allegations in Paragraph 87. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the document cited in Footnote 67, the document speaks for itself.

88.    Meta denies the allegations in Paragraph 88.

## CLAIMS FOR RELIEF

### Count I: Direct Copyright Infringement

### 17 U.S.C. § 501

89.    Meta incorporates by reference its responses to Paragraphs 1 through 88 above as though fully set forth herein.

90.    Meta admits that Plaintiff purports to own registered copyrights in the works at issue in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 90, including any implication of the validity of Plaintiff's claimed copyrights.

91.    The allegations in Paragraph 91 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 91.

92.    The allegations in Paragraph 92 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 92.

93.    The allegations in Paragraph 93 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 93.

94.    The allegations in Paragraph 94 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 94.

95.    The allegations in Paragraph 95 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 95.

96.    The allegations in Paragraph 96 state legal conclusions or arguments, or contain recitations of Plaintiff's damages claims, to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 96.

97.    The allegations in Paragraph 97 state legal conclusions or arguments, or contain recitations of Plaintiff's damages claims, to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 97.

**Count II: Contributory Copyright Infringement**

**17 U.S.C. § 501**

98.    Meta incorporates by reference its responses to Paragraphs 1 through 97 above as though fully set forth herein.

99.    The allegations in Paragraph 99 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta admits that it downloaded publicly available data, which included downloads via both direct download and via torrenting. Except as expressly admitted, Meta denies the allegations in Paragraph 99.

100.    The allegations in Paragraph 100 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 100.

101.    The allegations in Paragraph 101 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 101.

102.    The allegations in Paragraph 102 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 102.

103.    The allegations in Paragraph 103 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 103.

104.    The allegations in Paragraph 104 state legal conclusions or arguments, or contain recitations of Plaintiff's damages claims, to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 104.

**Count III: Removal of Copyright Management Information**

**17 U.S.C. § 1202(b)(1)**

105. Meta incorporates by reference its responses to Paragraphs 1 through 104 above as though fully set forth herein.

106. The allegations in Paragraph 106 state a legal conclusion to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106.

107. The allegations in Paragraph 107 state a legal conclusion to which no response is required. To the extent a response is required, Meta admits that it has removed repetitive text from certain training data for its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 107, including any implication as to the validity of Plaintiff's claimed copyrights.

108. The allegations in Paragraph 108 state a legal conclusion to which no response is required. To the extent a response is required, Meta admits that it has removed repetitive text from certain training data for its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 108, including any implication as to the validity of Plaintiff's claimed copyrights.

109. The allegations in Paragraph 109 state a legal conclusion to which no response is required. To the extent a response is required, Meta admits that it has removed repetitive text from certain training data for its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 109, including any implication as to the validity of Plaintiff's claimed copyrights. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 pertaining to third parties.

110. The allegations in Paragraph 110 state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 110.

**PRAYER FOR RELIEF**

a. The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiff is entitled to any relief in this action.

b.      The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiff is entitled to any relief in this action.

c.      The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate. and denies that Plaintiff is entitled to any relief in this action.

d.      The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiff is entitled to any relief in this action.

e.      The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiff is entitled to any relief in this action.

f.      The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiff is entitled to any relief in this action.

g.      The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiff is entitled to any relief in this action.

h.      The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiff is entitled to any relief in this action.

i.      The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiff is entitled to any relief in this action.

j.      The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiff is entitled to any relief in this action.

k.    The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiff is entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

Meta asserts that Plaintiff's claims are barred, in whole or in part, by the defenses set forth herein. By setting forth these defenses, Meta does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Meta reserves the right to plead any and all defenses that may be evident or revealed after investigation and discovery in this matter.

## FIRST AFFIRMATIVE DEFENSE

To the extent that Meta made any unauthorized copies of Plaintiff's registered copyrighted works in connection with the training and development of its LLMs, or otherwise exercised any rights provided for under 17 U.S.C. § 106, such uses constitute fair use under 17. U.S.C. § 107.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff alleges infringement with respect to literary works that were allegedly included as part of the training datasets used to train Meta's Llama models, including Books3, LibGen, Z-Lib, and Internet Archive. To the extent the accused datasets include works in the public domain, unregistered works, works to which copyright protection has been abandoned, works that lack requisite originality, works that are not subject to copyright protection under the doctrines of merger, *scènes à faire* or under 17 U.S.C. § 102(b) or otherwise unprotectable under the law, or works that are subject to estoppel or other equitable defenses, or works that were not properly registered or renewed, provided improper notice, and/or did not comply with registration requirements and/or with other necessary formalities, Meta reserves its right to defend against Plaintiff's claims on any or all of these grounds.

## THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred for lack of standing to the extent Plaintiff does not own the copyright or does not own one or more of the rights afforded under 17 U.S.C. § 106 for some or all of the works, did not suffer sufficient cognizable injury to confer Article III standing, and/or otherwise lack standing to assert the claims herein.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for removal of copyright management information is barred because Meta did not know or have reasonable grounds to know that its actions would induce, enable, facilitate, or conceal an infringement; its actions did not induce, enable, facilitate, or conceal an infringement; and Plaintiff lacks concrete injury proximately caused by any such action and, therefore, lack standing to assert that claim.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent Meta uploaded portions of copyrighted works in the context of downloading training datasets via bit torrent, any such reproduction was *de minimis* and did not result in the creation of an identifiable or usable copy of any copyrighted work.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are bared under the doctrines of copyright misuse and unclean hands to the extent that Plaintiff's asserted works quote from, copy, or otherwise incorporate works of others without permission; to the extent the asserted works are derivative of or copy preexisting works, including works undisclosed in Plaintiff's copyright filings with the U.S. Copyright Office; and to the extent Plaintiff misstated or overstated its claims of copyright ownership.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks excessive statutory damages under their claims that are disproportional to the alleged legal violations, such damages are barred by the Due Process Clause of the Fifth Amendment.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's remedies are barred at least in part by the doctrine of laches or the applicable statute of limitations to the extent the claims are based on acts that occurred three or more years prior to the filing of this lawsuit.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery of damages because of and to the extent of their failure to mitigate their damages, if any.

### TENTH AFFIRMATIVE DEFENSE

Meta did not engage in any volitional conduct capable of supporting a claim of direct copyright infringement.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because the alleged damages, if any, were the result of one or more intervening or superseding causes or caused by the acts and/or omissions of persons other than Meta.

### JURY TRIAL DEMANDED

Meta hereby demands a trial by jury on all claims, counterclaims, defenses, and issues in this action so triable.

Dated:  June 19, 2026

By:  /s/  Karen L. Dunn

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
Kyle N. Smith (*pro hac vice*)
DUNN ISAACSON RHEE LLP
401 Ninth Street, NW
Washington, D.C. 20004-2637
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
Email: jphillips@dirllp.com
Email: ksmith@dirllp.com

Angela L. Dunning (212047)
CLEARY GOTTLIEB STEEN & HAMILTON
151 University Avenue
Palo Alto, CA 94304
Telephone: (650) 815-4131
adunning@cgsh.com

Mark Weinstein (193043)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Email: mweinstein@cooley.com

Philip Morton (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Email: pmorton@cooley.com

*Counsel for Defendant Meta Platforms, Inc.*