[counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHICKEN SOUP FOR THE SOUL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:26-cv-02333-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Trial Date: None<br>Date Action Filed: March 17, 2026<br><br>Case Management Conference Date: July 17, 2026<br>Time: 1:00 PM<br><br>Judge: The Hon. V. Chhabria |
| COGNELLA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:26-cv-04053-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Trial Date: None<br>Date Action Filed: May 4, 2026<br><br>Case Management Conference Date: July 17, 2026<br>Time: 1:00 PM<br><br>Judge: The Hon. V. Chhabria |
| CAMBRONNE, INC. ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:26-cv-03725-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Trial Date: None<br>Date Action Filed: December 22, 2025<br><br>Case Management Conference Date: July 17, 2026<br>Time: 1:00 PM<br><br>Judge: The Hon. V. Chhabria |

## BACKGROUND AND INTRODUCTION

Pursuant to Civ. L.R. 16-9(a) and the Court's July 1, 2026, Minute Order (*Chicken Soup* Dkt. 198), Plaintiffs Chicken Soup for the Soul, LLC ("Chicken Soup"), Cognella, Inc. ("Cognella"), Cambronne Inc. ("Cambronne"), Lisa Baretta, Philip Shishkin, Jane Adams, Matthew Sacks, and Michael Kochin (together with Cambronne, Baretta, Shishkin, Adams, and Sacks, the "Cambronne Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively the "Parties"), hereby submit the following Joint Case Management Statement in advance of the Case Management Conferences scheduled for July 17, 2026.[1]

### A. Jurisdiction and Service

Plaintiffs bring claims under federal copyright law and allege that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1131 and 1338(a). Meta does not challenge personal jurisdiction. No Defendant remains to be served.

### B. Facts and Legal Issues

<u>Plaintiffs' Statement:</u>

Plaintiffs are authors and publishers of thousands of copyrighted works. In these copyright infringement actions, Plaintiffs allege that Meta obtained pirated copies of many of their copyrighted works—largely from "shadow libraries"—and then used those pirated copies to build and train its Llama series of large language models. In *Cognella*, Plaintiff not only alleges that Meta downloaded and reproduced its copyrighted works without permission or license, but also that Meta distributed such works and removed copyright management information from those works. Cognella asserts causes of action for direct infringement (reproduction and distribution) (17 U.S.C. § 501), contributory infringement (17 U.S.C. § 501), and removal of copyright management information (17 U.S.C. § 1202). Plaintiffs allege that Meta's infringement was both without authorization and willful.

Plaintiffs seek all available relief including statutory damages for copyright infringement under 17 U.S.C. § 501, injunctive relief, an award of restitution, disgorgement, costs, expenses, and

[1] For ease of reference, all references are made simply to "Plaintiffs."

attorneys' fees as permitted by law (including those allowable under 17 U.S.C. § 501 and/or 17 U.S.C. § 1203(b)(4)-(5)).

As far as legal issues, Plaintiffs anticipate, based on litigations raising similar issues—*see, e.g.*, *Kadrey*, *Bartz et al. v. Anthropic PBC*, No. 3:24-cv-05417-AMO (N.D. Cal.)—that Meta will seek to justify its conduct through invocation of the fair use doctrine. Plaintiffs contend that Meta's abuses of its copyrighted works, which were obtained directly or indirectly from pirated sources, were fundamentally unfair as a matter of law (at minimum, any fair use defense Meta asserts will be a jury question).

<u>Meta's Statement:</u>

Meta is a technology company focused on developing services that help people connect, communicate, and build communities, such as Facebook, Instagram, Threads, and WhatsApp. Meta's development of its Llama line of large language models ("LLMs") began in 2022 as a research project focused on creating an LLM to assist with proving mathematical theorems. Between 2023 and 2025, Meta released a series of Llama models labeled Llama 1 through 4 to innovate and deliver new technologies, products, and services to the public.

Plaintiffs allege they are authors and publishers of hundreds of copyrighted works that were included in data sets created by third parties. Plaintiff alleges that these data sets were among the various data sources used to train Meta's Llama LLMs.

Plaintiffs allege that Meta engaged in actions related to the creation, maintenance, and operation of the Llama LLMs that violate Plaintiffs' rights under theories of direct copyright infringement (17 U.S.C. § 501), contributory copyright infringement (17 U.S.C. § 501), and violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202).

Meta preliminarily identifies the following principal facts in dispute: (a) whether the Plaintiffs have valid, subsisting copyrights in each of the asserted works; (b) whether Meta created or distributed unauthorized "copies" of Plaintiffs' copyrighted works in connection with its training and development of its Llama models; (c) whether Plaintiffs' asserted works were registered prior to the alleged infringement and prior to the filing of the complaint; (d) whether Plaintiffs have been injured by the alleged infringement; and (e) whether Meta's use of Plaintiffs' works, if any,

constituted fair use, which Meta believes is the case for various reasons including the transformative nature of the use and the lack of an adverse impact on the market for or value of Plaintiffs' allegedly infringed works.

Meta denies that it is liable for any alleged violation of Plaintiffs' rights that may have occurred during the process of sourcing data to train Llama and/or during the training and development of the Llama models.

To the extent that Meta made use of Plaintiffs' works in the process of researching, training, and developing Llama, such use was fair as a matter of law. *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026 (N.D. Cal. 2025); *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1196 (2021); *see also Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007); *Sega Enterprises Ltd. v. Accolade, Inc.*, 977 F.2d 1510 (9th Cir. 1992); *Authors Guild v. Google Inc.*, 805 F.3d 202 (2d. Cir. 2015); *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87 (2d Cir. 2014).

Meta also denies that Plaintiffs have been injured by any alleged infringement; if infringement were to be established, Meta reserves all rights to respond to any arguments by Plaintiffs with respect to entitlement to, and/or the amount of, any actual or statutory damages.

### C. Motions

On June 19, 2026, Meta answered all three operative complaints. (*Cambronne*, Dkt. 196; *Cognella*, Dkt. 41; *Chicken Soup*, Dkt. 68.)

Meta previously filed an uncontested administrative motion to relate *Chicken Soup* and *Cambronne* to *Kadrey*. Plaintiffs previously filed an uncontested administrative motion to relate *Cognella* to *Kadrey*. The Court issued an order, on May 11, 2026, relating *Chicken Soup*, *Cambronne*, and *Cognella* to *Kadrey*.

After the completion of discovery, the Parties anticipate submitting cross motions for summary judgment.

### D. Amendments to Pleadings

Plaintiffs' Statement:

Plaintiffs amended the *Chicken Soup* complaint on June 5, 2026 (*Chicken Soup*, Dkt. 63) and filed a second amended complaint in *Cambronne* on June 5, 2026 (*Cambronne*, Dkt. 192) to

assert allegations solely against Meta (and not against other entities that were previously severed or dismissed), and to add claims for contributory copyright infringement and removal of copyright management information. As discussed during the May 22, 2026 status conference and again at the July 1, 2026 status conference, Plaintiffs anticipate filing further amended complaints in all three cases (C*ognella, Chicken So*up, and *Cambronne)* to identify additional works after Meta identifies for Plaintiffs the copyrighted works that it obtained from shadow libraries and/or web scraping and which of Plaintiffs' works it used to train its LLM models.

The amendments will encompass *additional copyrighted works* that Meta downloaded, torrented, reproduced, distributed, and manipulated. As noted above, Cognella and Chicken Soup for the Soul own thousands of works. Plaintiffs dispute Meta's repeated implication that Meta cannot search for Plaintiffs' asserted works without first obtaining full or partial copies of those works from Plaintiffs' counsel. In Plaintiffs' view, Meta alone possesses the information necessary and sufficient to determine which of Plaintiffs' copyrighted works Meta obtained, used, manipulated, and distributed. Delay in Meta's search and identification process cannot be attributed to Plaintiffs. Meta indicates it has not undertaken any search for Cognella works and has not disclosed which of the Cambronne and Chicken Soup copyrighted works it obtained. As a result, Plaintiffs are unable to propose a date certain for their amended complaints at this time, but will expeditiously amend their pleadings after Meta identifies which of Plaintiffs' copyrighted works that it downloaded, torrented, reproduced, distributed, and manipulated.

<u>Meta's Statement:</u>

There is no basis for Plaintiffs to claim that Meta can identify the presence of Plaintiffs' works in the training dataset without Plaintiffs providing copies of those works. Meta's searching methodology involves searching the training data for the presence of particular text in a particular work. Plaintiffs must have copies of these works.

Meta is continuing to work diligently to identify Plaintiffs' asserted works as promptly as possible. Meta is undertaking to search for Plaintiffs Chicken Soup's and Cambronne's works now that it has received the necessary material, and will do the same for Cognella as soon as Plaintiffs

provide those materials. Meta is committed to working in good faith with Plaintiffs on their requests as expeditiously as possible.

Meta is willing to meet and confer with Plaintiffs regarding a reasonable timeline to amend its Complaint before the close of fact discovery. Meta notes that it must have time following any amendment to take discovery of Plaintiffs' newly asserted claims. For instance, for any work Plaintiffs seek to add, Meta will need the opportunity to subpoena its authors for documents and potentially deposition testimony. Meta is concerned Plaintiffs' proposal would not permit it to adequately test Plaintiffs' claims in discovery.

**E. Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have taken and will continue to take appropriate steps to preserve evidence for this case. The Parties are not aware of any evidence preservation dispute requiring the Court's attention at this time.

**F. Disclosures**

The Parties exchanged initial disclosures on June 4, 2026 pursuant to Rule 26(a)(1)(A) and will continue to supplement Initial Disclosures as necessary, in accordance with Rule 26(a).

Meta believes that Plaintiffs' initial disclosures are deficient in multiple ways and has met and conferred with Plaintiffs about those disclosures. While Plaintiffs stand by their disclosures, Plaintiffs intend to supplement them prior to the July 17 status conference.

**G. Discovery**

*1. Plaintiffs' Written Discovery Requests and Meta's Responses*

Plaintiff Cognella served its first discovery requests on May 21, 2026. Plaintiff Chicken Soup served its first discovery requests on May 21, 2026. The *Cambronne* Plaintiffs served their first discovery requests on May 27, 2026. No third-party subpoenas have yet been served.

Meta served responses and objections to the *Cognella* and *Chicken Soup* discovery, including Interrogatories, Requests for Admissions, and Requests for Production, on June 22, 2026. It served responses and objections to the Cambronne discovery on June 26, 2026.

<u>Plaintiffs' Position:</u>

Plaintiffs take issue with a number of aspects of these responses, first indicating the problems on June 23 during a teleconference, then delivering a letter outlining the problems on June 30, 2026. The parties conferred with Meta at length about the issues on July 8, 2026. If unresolved, Plaintiffs will expeditiously approach the Court for resolution if the foregoing efforts to obtain substantive responses are unavailing.

The parties are primarily conferring about Plaintiffs' requests for discovery in which they asked Meta to identify which of Plaintiffs' works it copied, the shadow libraries from which each work was acquired, and an explanation of the way Plaintiffs' works were used after acquisition (including, but not limited to, the training of Meta's LLM models whether or not commercially released). To provide this detail, Meta requested additional information, including ISBNs for each work and electronic copies of text from each one. Plaintiffs do not necessarily agree that the burden of providing this additional information should fall to them rather than to Meta, but as of June 2, 2026, Plaintiffs had provided Meta with the ISBN numbers known to Plaintiffs for each Work. On June 22, 2026, Plaintiff Chicken Soup for the Soul, LLC produced 444 text-searchable files of Chicken Soup's Works (on a confidential basis, *i.e.*, not to be provided to Meta due to the concerns and nature of this copyright infringement case). Plaintiffs in the *Cambronne* case have provided text searchable files for five (5) of the asserted works, and Cognella will be providing text searchable files for approximately 3,000 of its works within days. Cognella has a substantially larger volume of responsive works, and the associated text files are significantly larger in size. Accordingly, additional time has been required to collect, review, and prepare these materials for production. Counsel has been working diligently to gather and prepare the files and is producing them on a rolling basis as they become available.

The parties are working together to obviate the need for Court intervention, but Plaintiffs will seek appropriate relief if Meta's supplemental responses do resolve the concerns.

Meta has served discovery requests on Plaintiffs, and Plaintiffs will timely respond to those requests when their responses become due.

Meta's Position

In response to Plaintiffs' discovery requests, Meta is working diligently to search for Plaintiffs Chicken Soup's and Cambronne's works now that it has received the necessary material and will do the same for Cognella as soon as Plaintiffs provide those materials. Meta is committed to working in good faith with Plaintiffs on their requests as expeditiously as possible.

*2. Meta's Written Discovery Requests*

Meta has served its first set of interrogatories and first set of requests for production on the Plaintiffs in *Cambronne, Chicken Soup*, and *Cognella*. Plaintiffs' responses and objections are due on July 20.

*3. Cross-Case Discovery Sharing & Deposition Coordination*

Plaintiffs' Statement:

Given the claims that are asserted in *Kadrey* and *Entrepreneur*—including the fact that *Entrepreneur* also involves claims for contributory infringement and removal of copyright management information—Plaintiffs anticipate that discovery will largely be overlapping with the discovery in those cases. To this end, Plaintiffs have sought all discovery produced to the plaintiff in *Entrepreneur Media*, as well as much of the discovery from *Kadrey* (including deposition transcripts and expert reports, among other things).

Meta has provided large volumes of discovery materials from the *Kadrey* and *Entrepreneur Media* actions. Plaintiffs have been working with Meta to resolve questions about indexing/cataloguing this large amount of data and will seek assistance from the Court if needed.

Apart from what has been accomplished in *Kadrey* and *Entrepreneur Media*, Plaintiffs seek to efficiently address any gaps or differences in the scope and emphasis of their allegations with some of their own discovery requests, and do not agree to be limited to the requests and discovery that has already been obtained by the plaintiffs in those cases.

Meta's Statement:

Meta agrees that discovery should proceed in a coordinated manner across the related cases. Meta has already produced to Plaintiffs all discovery materials from the *Kadrey* case and the vast majority of discovery materials from *Entrepreneur*.

Meta believes any additional discovery Plaintiffs seek should be proportionate to the needs of their cases, and should be considered in the context of the voluminous discovery record Plaintiffs have already received.

*4. ESI Protocol*

Meta drafted an ESI Order similar to the existing Order in *Entrepreneur Media* and provided it to Plaintiffs' counsel for review on June 4, 2026. Plaintiffs' counsel replied with requested revisions to the draft order on June 11, 2026. Meta returned its edits to Plaintiffs on June 30, 2026 and Plaintiffs sent their subsequent revisions back to Meta on July 7, 2026.

Plaintiffs' Position

The parties met and conferred on July 8, 2026 regarding the ESI Protocol and counsel discussed their disagreements regarding the number of document custodians for each party.

Counsel agreed to exchange further information and the parties will continue to confer. If necessary, counsel will promptly alert the Court to any dispute regarding ESI Protocol.

Meta's Position

On the parties' July 8, 2026 meet and confer, Meta raised its disagreements regarding the number of document custodians for each party with Plaintiffs. Despite previously asking for 2 additional Meta custodians, Plaintiffs now seek an additional 10 Meta custodians and would like to limit Meta to only 3 custodians for Chicken Soup, and 5 custodians for Cognella. Meta disagrees with both proposals, but Plaintiffs indicated a willingness to continue to negotiate the issue. Meta will promptly alert the Court to any dispute regarding the ESI Protocol as soon as it arise.

*5. Depositions*

As stated above, the parties seek to approach remaining depositions in a coordinated manner with the discovery efforts completed and underway in *Kadrey* and *Entrepreneur Media*. At present, six (6) fact depositions have been scheduled between July 14 and July 30, 2026, and the parties

anticipate completing three (3) of those depositions by the date of the next case management conference on July 17, 2026:

| Witness | Deposition Date |
|---|---|
| Melanie Kambadur | July 14 |
| Frank Zhang | July 16 |
| Damon Civin | July 17 |
| Ranjan Subramanian | July 21 |
| Britt Montalvo | July 28 |
| Thomas Scialom | July 29 |

The parties are also discussing deposition dates in July and August for two additional witnesses—Didem Foss and Nikolay Bashlykov.

Three of the four remaining individual witnesses Plaintiffs have requested for deposition are former Meta employees.

Meta's Statement

Meta notes that, because of deficiencies in Plaintiffs' initial disclosures and productions, Meta has not been able to identify the names of any witnesses with relevant knowledge of Plaintiffs' claims in order to schedule any Plaintiff party depositions.

In addition, to date, Plaintiffs have not made a production to Meta beyond the text searchable files Meta requested in order to identify Plaintiffs' asserted works.

**H. Related Case**

The three above-captioned cases have all been related to *Kadrey et al. v. Meta Platforms, Inc*, No. 3:23-cv-03417-VC. *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, 3:25-cv-09579-VC-TSH, has also been related to *Kadrey*.

Further, and as previously raised with the Court, a putative class action was filed recently in the U.S. District Court for the Southern District of New York (*Elsevier Inc. et al. v. Meta*

*Platforms, Inc. and Mark Zuckerberg*, No. 1:26-cv-03689-PKC (S.D.N.Y.), which asserts claims that overlap with the claims remaining in this case, and with the training-based claims originally asserted in this case for which summary judgment was granted. Meta has filed a letter motion in the *Elsevier* case seeking to transfer to the Northern District of California under the first-to-file rule and 28 U.S.C. § 1404(a) and filed its opening brief on June 26, 2026. The Elsevier plaintiffs have stated they will oppose Meta's motion. On May 22, a second putative class action, *Hobbs et. al. v. Meta Platforms, Inc. et al*., No. 1:26-cv-4314 (S.D.N.Y), was filed in the Southern District of New York. On July 2, another putative class action, *Sullivan et al. v. Meta Platforms, Inc. et al.*, No. 4:26-cv-06793 (N.D. Cal.) was filed in this district on behalf of textbook authors as was assigned to Magistrate Judge Westmore. Given the overlapping issues in *Sullivan*, Meta anticipates filing a Notice of Related Case in the *Sullivan*, *Kadrey*, *Entrepreneur Media*, *Chicken Soup*, *Cognella*, and *Cambronne* cases.

**I. Relief**

Plaintiffs have asserted claims for direct copyright infringement (Count 1), contributory infringement (Count 2), and removal of copyright management information (Count 3). Plaintiffs seek the following relief:

- A declaration that Meta has infringed Plaintiffs' exclusive copyrights under the Copyright Act;
- A declaration that such infringement was willful;
- A declaration that Meta violated 17 U.S.C. § 1202(b) through its removal of copyright management information;
- A permanent injunction enjoining Meta and all those acting in concert with it from engaging in the infringing conduct alleged;
- That Meta be directed to account to Plaintiffs for all gains, profits, and advantages derived from their unlawful acts;
- An award of statutory damages under the Copyright Act;
- An award of statutory or actual damages under 17 U.S.C. § 1203(c);

- An award of restitution, disgorgement, costs, expenses, and attorneys' fees as permitted by law;
- Pre- and post-judgment interest on the damages award to Plaintiffs; and
- Further relief for Plaintiffs as the Court may deem just and proper.

Meta reserves all rights, claims, and defenses available to it under the law, including to seek any attorneys' fees available under the law at the conclusion of the case.

Meta denies that Plaintiffs are entitled to any damages, injunction, or other equitable or monetary relief whatsoever. Meta believes it is premature to opine on methods of calculating potential damages.

**J. Settlement and ADR**

The Parties will comply with ADR L-R 3.5. The Parties are amenable to a settlement conference before a judicial officer, although they believe such a conference would be premature at this time.

**K. Narrowing of Issues**

The parties do not believe narrowing of the issues in dispute is practical or feasible at this time.

The Parties anticipate filing one or more motions for summary judgment, or other dispositive motions, seeking to narrow the issues in these cases.

**L. Scheduling**

The current case schedule tracks the schedule set in *Entrepreneur Media* (*Entrepreneur,* Dkt. 40), with the addition of a Case Management Conference on July 1, 2026, as follows:

| Case Management Event | Deadline |
|---|---|
| Case Management Conference | July 1, 2026 |
| Case Management Conference | August 7, 2026 |
| Fact Discovery Cutoff | September 4, 2026 |
| Deadline for Opening Expert Reports | September 18, 2026 |
| Deadline for Rebuttal Expert Reports | October 16, 2026 |

| | |
|---|---|
| Deadline for Reply Expert Reports | October 30, 2026 |
| Close of Expert Discovery | November 20, 2026 |
| Deadline for Summary Judgment Brief 1 (Plaintiffs' Opening Briefs) | December 11, 2026 |
| Deadline for Summary Judgment Brief 2 (Defendant's Opening Brief & Opposition) | January 11, 2027 |
| Deadline for Summary Judgment Brief 3 (Plaintiffs' Opposition & Reply) | January 29, 2027 |
| Deadline for Summary Judgment Brief 4 (Defendant's Reply) | February 12, 2027 |
| Last Day to Hear Dispositive Motions | February 25, 2027 |
| Final Pretrial Conference | May 11, 2027 |
| Trial Date | May 24, 2027 |

Meta's Position

Meta's lead trial counsel, Karen Dunn, has just identified a significant scheduling conflict that she wishes to share with the Court, along with profuse apologies for not realizing the conflict earlier. At the time the trial in this case was set for May 24, 2027, counsel was already scheduled to go to trial in another major case (*De Coster v. Amazon.com, Inc.*, Case No. 2:21-cv-00693-JHC (W.D. Wash.)) starting on June 14, 2027. That trial date was set on October 9, 2025. Given the close proximity of the trial dates and the fact that both trials will require significant preparation, counsel wanted to raise the issue with the Court as soon as she realized the overlap. In its separate CMS, Plaintiff Entrepreneur notes that it may raise any need for targeted relief in the schedule at the August 7, 2026, conference, and Meta suggests that this trial conflict be addressed at that time as well.

**M. Trial**

Plaintiff has requested a trial by jury on all claims allowed.

**N. Length of Trial**

Plaintiffs estimate that trial will take three to five weeks.

Meta believes that it is premature to estimate the length of trial at this time.

**O. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**P. Other**

The Parties are not aware of other matters that may facilitate the resolution of this matter.

Dated: July 10, 2026

Respectfully Submitted,

By */s/ Karen L. Dunn*

By */s/ Elizabeth Brannen*

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com
cghazarian@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela L. Dunning (212047)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*

**STRIS & MAHER LLP**
Elizabeth Brannen (SBN 226234)
ebrannen@stris.com
John Stokes (SBN 310847)
jstokes@stris.com
Lauren Martin (SBN 294367)
lmartin@stris.com
17785 Center Court Dr N, Ste 600
Cerritos, CA 90703
T: (213) 995-6800
F: (213) 261-0299

Christopher M. Rigali (*pro hac vice*)
crigali@stris.com
Jacqueline Sahlberg (*pro hac vice*)
jsahlberg@stris.com
1717 K St NW Ste 900
Washington, DC 20006
T: (202) 800-5749

**FREEDMAN NORMAND FRIEDLAND LLP**
Devin (Velvel) Freedman (*pro hac vice* forthcoming)
vel@fnf.law
Kyle Roche (*pro hac vice* forthcoming)
kroche@fnf.law
Alex Potter (*pro hac vice* forthcoming)
apotter@fnf.law
155 E. 44th Street, Ste 915
New York, NY 10017
T: (646) 494-2900

*Attorneys for Plaintiffs*

**FILER'S ATTESTATION**

I, Elizabeth Brannen, am the CM/ECF user whose ID and password are being used to file this Joint Initial Case Management Statement. Pursuant to Civil Local Rule No. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: July 10, 2026

By */s/ Elizabeth Brannen*
Elizabeth Brannen (SBN 226234)