[counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHICKEN SOUP FOR THE SOUL, LLC,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-02333-VC<br>**JOINT CASE MANAGEMENT STATEMENT**<br>Trial Date: None<br>Date Action Filed: March 17, 2026<br>Case Management Conference Date: August 14, 2026<br>Time: 1:00 PM<br>Judge: The Hon. V. Chhabria |
| COGNELLA, INC.,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-04053-VC<br>**JOINT CASE MANAGEMENT STATEMENT**<br>Trial Date: None<br>Date Action Filed: May 4, 2026<br>Case Management Conference Date: August 14, 2026<br>Time: 1:00 PM<br>Judge: The Hon. V. Chhabria |
| CAMBRONNE, INC. ET AL.,<br>Plaintiffs,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-03725-VC<br>**JOINT CASE MANAGEMENT STATEMENT**<br>Trial Date: None<br>Date Action Filed: December 22, 2025<br>Case Management Conference Date: August 14, 2026<br>Time: 1:00 PM<br>Judge: The Hon. V. Chhabria |

Pursuant to Civ. L.R. 16-9(a) and the Court's instruction at the July 31, 2026, Case Management Conference, Plaintiffs Chicken Soup for the Soul, LLC ("Chicken Soup"), Cognella, Inc. ("Cognella"), Cambronne Inc. ("Cambronne"), Lisa Baretta, Jane Adams, Matthew Sacks, and Michael Kochin (together with Cambronne, Baretta, Adams, and Sacks, the "Cambronne Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively the "Parties"), hereby submit the following streamlined Joint Case Management Statement in advance of the Case Management Conferences scheduled for August 14, 2026.

To the extent counsel for Entrepreneur Media and Meta address discovery or litigation issues in their Case Management Statement that are equally applicable to these actions, Plaintiffs join in Entrepreneur Media's positions. The Parties respectfully submit that any such overlapping issues may be addressed, as appropriate, at the forthcoming Case Management Conference and/or Discovery Conference.

## INTRODUCTION[1]

Plaintiffs' Position: The Three Cs disagree with Meta's characterization of the discovery record. Meta's statement presents a materially distorted snapshot of discovery, conflates discovery that is presently due with discovery that is not yet due, and omits both the extraordinary volume of discovery Meta has served and Meta's own repeated failures to complete custodial productions before depositions. Many of these same disputes are already scheduled to be presented to Magistrate Judge Hixson in the parties' August 18, 2026 joint statement, followed by the August 19 discovery conference.

On the actual record, Meta's assertion that Plaintiffs have completed "essentially nothing" cannot be reconciled with the facts.

*First*, the Three Cs have already produced 7,013 documents in response to Meta's requests, and on August 10 and 11, Chicken Soup produced three volumes from two custodians: 42,730 documents comprising 397,092 pages. Meta is mistaken in its understanding that no relevant documents were produced in advance of Mr. Rouhana's August 12, 2026 deposition. In fact, of the

[1] For ease of reference, all references are made simply to "Plaintiffs."

42,730 documents produced for Chicken Soup on August 10 and August 11 — 3,731 contain the term "Rouhana." Processing, review, and production for the remaining custodians is ongoing pursuant to a twenty-custodian framework that the parties did not even tentatively resolve until July 22, 2026. Meta's suggestion that Plaintiffs should already have completed production for all twenty custodians ignores both the timing of that agreement and the substantial volume of material now being processed and produced

*Second*, Meta's presentation obscures the extraordinary asymmetry in the parties' written discovery. The Three Cs collectively served Meta with eleven interrogatories per case (33 total), four requests for admission per case (12 total), and one request for production per case (3 total). Meta, by contrast, has served Plaintiffs with 175 interrogatories, 996 requests for production, and 1,333 requests for admission. And on August 5, 2026—approximately one month before the close of fact discovery—Meta served an additional 149 requests for production and 63 interrogatories. The majority of that newly served discovery is not yet due. Meta nevertheless tells the Court that "every single one" of Plaintiffs' interrogatory responses is deficient, a formulation that necessarily lumps together existing responses with hundreds of discovery requests for which Plaintiffs' responses will not be due until August 31 and September 4, 2026.

*Third*, Meta's criticism of the timing of Plaintiffs' custodial productions is particularly difficult to square with its own conduct. Meta produced Konstantin Bashlykov's custodial file less than thirteen hours before his August 6 deposition, following a 238,518-document production only three days earlier. Meta produced Ms. Montalvo's custodial file on August 3—approximately six days *after* her July 28 deposition—and produced Ms. Wang's custodial material shortly before her August 10 deposition. Meta therefore asks the Court to treat timing issues in Plaintiffs' productions as evidence that discovery has effectively ground to a halt while omitting that Meta itself has repeatedly produced deposition-related custodial materials on comparable, and in some instances substantially worse, timelines.

The Three Cs raise these facts only because Meta's introduction invites precisely this one-sided comparison. Although the custodial productions for Plaintiffs' first two deponents fell outside the Court's four-day deadline, counsel for the Three Cs advised Meta's counsel of the anticipated

timing *a week in advance* and expressly explained that the issue was limited to the *first two depositions*. Further, counsel for the Three Cs offered to reschedule Mr. Rouhana's August 12 deposition to accommodate the delayed production of his custodial file. Meta rejected that offer. There is no basis for Meta to extrapolate from those two disclosed scheduling issues that Plaintiffs will be unable to satisfy their obligations for the remainder of discovery. The parties are and have been conferring regarding these issues, and the appropriate forum for any unresolved dispute is the August 18 joint statement and August 19 conference. Based on the current production schedule, the Three Cs expect to produce the custodial files for their remaining sixteen custodians within the Court-ordered timeline.

Meta's Position: Plaintiffs' discovery responses and productions to date are wholly anemic and deficient. To date, none of the Cambronne or Cognella Plaintiffs have produced a single custodial document. Chicken Soup has produced only one custodial file, and did so less than one day prior to the witness' deposition, thus failing to comply with this Court's order requiring custodial productions at least four calendar days prior to the corresponding witness' deposition. Chicken Soup notified Meta on August 11, 2026, that it would not be producing the custodial file for the deposition scheduled on August 12, 2026, in advance of that deposition.[2] Given the Chicken Soup's failure to comply with the Court's order with respect to the first two deponents of the Three Cs, Meta has serious concerns about whether Plaintiffs will be able to fulfill their discovery commitments in the weeks ahead, when *more than fifteen of their witnesses will sit for depositions* (most in consecutive days, and in some instances, multiple in a single day). Together, Plaintiffs' non-custodial documents to date amount to a small number of documents mostly consisting of copyright registrations, agreements, and asserted works, to the detriment of other relevant categories of documents that Meta has requested, including sales data and financial information among other categories of documents. Every single one of Plaintiffs' interrogatory responses are deficient because they provide no substantive answer and merely respond that

[2] By contrast, Meta has not offered alternative deposition dates in comparable circumstances and has, on multiple occasions, produced custodial documents late, incompletely, or in exceedingly large volumes shortly before depositions.

Plaintiffs' investigation is ongoing. Meta has identified these deficiencies for Plaintiffs and they have refused to respond to Meta's requests for confirmation whether they will stand on or supplement those responses. In addition, Plaintiffs' amended initial disclosures do not comply with the requirements of Rule 26 because they do not disclose any damages calculation. With less than one month before the close of discovery, the Three Cs have not provided Meta with any custodial materials from 15 of their custodians, virtually any non-custodial documents beyond the works and copyright materials, any substantive responses about how they intend to support any of their allegations, or any calculation of their actual damages, which they allege in their complaints. Meta has sent multiple communications about the deficiencies in Plaintiffs' production and written discovery responses, and raised the swaths of missing documents with Magistrate Judge Hixson at last week's Discovery Status Conference. Despite stating at that conference that "a lot of these issues should largely be resolved" after Monday, August 10, 2026, Plaintiffs still have not addressed any of the problems with their discovery efforts to date. In sum, Plaintiffs have completed, essentially, nothing in the form of substantive discovery.

Regarding Plaintiffs' complaints about Meta's document production, Plaintiffs misrepresent the facts. With respect to Mr. Nikolay Bashlykov, who was previously a Kadrey custodian subject to extensive custodial document discovery already, the 238,518 documents referenced by Plaintiffs were produced in compliance with the Court's 4 day rule. A very small number of documents (approximately 3,000) followed the day before his deposition. Regarding Ms. Montalvo, those documents were produced 4 days before her second deposition, which Meta offered after the court instituted the four-day rule the same week as her deposition. Finally, regarding Ms. Wang, her custodial documents too were produced 4 days before her deposition and Plaintiffs do not contest otherwise.

**A. Discovery**

*1. Written Discovery*

Plaintiffs' Position: The parties have exchanged written discovery and are meeting and conferring pursuant to Judge Hixon's instruction to resolve disputes related to the parties' respective responses, objections, and productions. The Parties will submit a discovery status report to Judge

Hixon by August 18, 2026, detailing any remaining or anticipated disputes and address those issues at the discovery conference set for August 19, 2026. The Three Cs have not yet received supplemental responses to Interrogatories, nor any production of documents responsive to their RFPs which seek sealed briefing from the *Kadrey* matter and a limited subset of documents beyond the broad discovery the Entrepreneur Media plaintiffs have requested. Plaintiffs will continue to confer but intend to raise this issue for resolution at the upcoming discovery conference if left unresolved.

Meta has served additional ROGs on Chicken Soup, Cognella, and the Cambronne plaintiffs, with responses due August 31 and September 4. Meta has also served the Cambronne plaintiffs with a total of 107 new RFPs (21 each for Sacks, Barretta, Adams, and Kochin, and 23 for Cambronne) on August 5, 2026, making responses due September 4, 2026. Additionally, Meta served 1,333 RFAs (421 for Chicken Soup, 131 for Cognella, 131 for Kochin, 130 for Sacks, 130 for Carreyrou, 130 for Cambronne, 130 for Barretta, and 130 for Adams), with responses due on August 31.

<u>Meta's Position:</u> Regarding the production of documents, prior to July 28, 2026, Plaintiffs only served one RFP seeking production of unredacted versions of the summary judgment briefing from the *Kadrey* case. Meta produced those materials to Plaintiffs on August 7, 2026. Plaintiffs served six additional RFPs on July 28th, 38 days before the close of fact discovery. Meta will timely object and respond to those RFPs and produce any additional responsive documents by the close of fact discovery. Meta notes that several of the July 28th requests encompass documents already produced by Meta (including, for example, RFP No. 4 and RFP No. 7). With respect to interrogatory responses, Meta is working on the supplemental responses in view of the comments raised by Entrepreneur in its CMS and will meet and confer on any further issues with Plaintiffs ahead of the conference with Judge Hixson next week.

**a. Interrogatories**

*Responses to Meta's Interrogatories*

<u>Plaintiffs' Position:</u> The Three Cs timely served responses and objections to Meta's First Set of Interrogatories on July 20, 2026. Meta's sweeping assertion that all of the Three Cs' interrogatory responses are deficient is largely premature. Responses to Meta's Second and Third Sets are not due

until August 31 and September 4, respectively, and Meta cannot credibly complain of deficiencies in responses that are not yet due. As to the First Set, the Three Cs are evaluating Meta's objections and will meet and confer in due course. The Three Cs further note that Meta's own responses to the Three Cs' First Set have remained deficient and unremedied since June 30, 2026, including basic information concerning the use of Plaintiffs' works.

Meta's Position: Meta has propounded three sets of Interrogatories (on June 12, 2026, July 31, 2026, and August 5, 2026) totaling 25 interrogatories. The Three C Plaintiffs served R&Os on July 20, 2026, for Set One, and responses to the second and third sets are due on August 31, 2026, and September 4, 2026, respectively. Meta identified deficiencies in all of Plaintiffs' responses to Meta's first set of interrogatories. With one exception, Plaintiffs did not provide a single substantive response to any of Meta's interrogatories,[3] and improperly referred Meta to Rule 33(d) for at least nine out of fourteen interrogatories. Meta has yet to receive a response as to whether any of the Three Cs intend to supplement or stand on their initial responses. Meta intends to seek relief in advance of the next Discovery Status Conference before Magistrate Judge Hixson about the state of the dispute regarding Three C's deficient interrogatory responses.

**b. Requests for Admission**

*Responses to Meta's RFAs*

Meta's Position: Meta served its first set of RFAs on the Three Cs on July 31, 2026. Plaintiffs' responses are due on August 31, 2026.

**c. Initial Disclosures**

Plaintiffs' Position: Plaintiffs' amened disclosures identify the categories of relief sought, including statutory damages under 17 U.S.C. § 504(c) and § 1203(c), which are set by statute per work and per violation rather than derived by computation. To the extent Meta seeks a computation of actual damages, Plainitffs position is that it is not possible to calculate that figure without expert analysis.

[3] Plaintiffs Cognella, Chicken Soup, and Cambronne, Inc. provided substantive responses to Interrogatory No. 4. The individual Cambronne plaintiffs' responses to Interrogatory No. 4 were deficient. Plaintiff Jane Adams provided a substantive response to Interrogatory No. 11.

Meta's Position: Meta has repeatedly raised the deficiency of the Three C Plaintiffs' initial disclosures for failing to provide any damages computation, as Rule 26 requires. Meta intends to seek relief from Judge Hixson in advance of the next Discovery Status Conference.

*2. Depositions*

Plaintiffs' Position: The parties seek to approach remaining depositions in a coordinated manner with the discovery efforts completed and underway in Kadrey and Entrepreneur Media. As of this submission, the parties have completed (2) two fact depositions of Chicken Soup witnesses and (10) ten fact depositions of Meta's witnesses. The parties have tentatively scheduled (10) ten Cognella witnesses and (5) five Cambronne witnesses. Further, the parties are coordinating dates for Meta's 30(b)(6) witness testimony to conclude on or before September 4, 2026.

Meta's Position: Since the last Case Management Conference in this case, Plaintiffs will have completed ten (10) fact depositions of Meta's witnesses in the month of July and in the first two weeks of August. The parties have tentatively scheduled many of the remaining witnesses, as follows:

- Shelley Venus on August 18, 2026;
- Anna Grosul on August 21, 2026 (third party);
- Amrish Acharya on August 21, 2026 (as a Federal Rule of Civil Procedure 30(b)(6) deponent);
- Affonso Reis on August 25, 2026 (third party);
- James Beldock on August 26–28, 2026 (in his individual capacity and as a Rule 30(b)(6) deponent);
- Han Fang on August 28, 2026;
- Shaun Lindsay on September 1 and 2, 2026 (as a Rule 30(b)(6) deponent);
- Lauren Scissors on September 3, 2026 (in her individual capacity and as a Rule 30(b)(6) deponent); and
- Karthik Sankararaman on September 4, 2026.

With regard to depositions of Plaintiffs' witnesses, Meta will have completed two (2) fact witnesses (Amy Newmark and William Rouhana, both Chicken Soup witnesses) since the last Case Management Conference. The remaining depositions have been scheduled as follows:

| ***Scheduled Depositions*** | |
|---|---|
| John Carreyrou | August 17, 2026 |
| Matthew Sacks | August 18, 2026 |
| Jane Adams | August 20, 2026 |
| Lisa Barretta | August 21, 2026 |
| Alia Bales | August 24, 2026 |
| Josh Perigo | August 25, 2026 |
| Natalie Piccotti | August 25, 2026 |
| Michael Kochin | August 26, 2026 |
| Chelsey Rogers | August 26, 2026 |
| Ivey Preston | August 26, 2026 |
| Ryan Bailey | August 27, 2026 |
| Dave Wilson | August 28, 2026 |
| Alexa Lucido | August 28, 2026 |
| Kassie Graves | September 1, 2026 |
| Bassim Hamedeh | September 2, 2026 |

Later this week, Meta intends to serve 30(b)(6) deposition notices on Chicken Soup and Cognella covering several topics and will work with Plaintiffs to schedule those depositions once they identify the appropriate corporate representatives.

*3. Document Production*

*Plaintiffs' Production and Responses to Meta's Requests for Production*

Plaintiffs' Position:

The Three Cs have commenced production of custodial documents for the Chicken Soup plaintiffs and are in the process of searching, collecting, and processing documents for the remaining custodians. The Three Cs have been meeting and conferring with Meta's counsel to provide regular updates on the progress with production. The Three Cs are working diligently to provide custodial documents in advance of the upcoming depositions, consistent with this Court's orders.

The Three Cs experienced technical delays in the production of custodial documents for Bill Rouhana and have been meeting and conferring with Meta's counsel regarding the timing of his production. In light of the significant and unexpected volume of Mr. Rouhana's custodial

documents, the Three Cs provided alternative deposition dates on August 11, 2026, to allow for production of his custodial documents in advance of the deposition. Meta has requested that the deposition proceed on August 12, 2026, before completion of that production.

The Three Cs remain on track to produce custodial documents for the other 16 deponents consistent with this Court's orders.

Meta's Position:

To date, Cognella and Cambronne have only produced 5,613 non-custodial documents, which consist almost exclusively of copyright registrations and agreements, and which do not appear to include communications of any kind. Meta has raised its concern about the pace of Plaintiffs' productions with Plaintiffs on several occasions, and with Magistrate Judge Hixson during the August 5, 2026, discovery status conference (the "August 5 Conference"). Meta explained that, with respect to all Plaintiffs, "there are a huge swath of materials that we are missing for them: any kind of financial data whatsoever, any sales data for any of the asserted works, any author agreements, licensing agreements, marketing plans, details, P&Ls, competitive analyses." August 5 Conference Hearing Tr. at 44:9-19. Counsel for Plaintiffs stated during the August 5 Conference that "after Monday (August 10, 2026), a lot of these issues should largely be resolved." *Id.* at 46:15-22. As of the date of this filing, Plaintiffs have not cured any of the deficiencies in their productions (or with written discovery, as described above).

With regard to Chicken Soup, it failed to comply with the Court's July 20, 2026, order. For custodian Amy Newmark, who Meta deposed on August 11, 2026, Chicken Soup produced a custodial file of 100,000 pages less than 24 hours before her scheduled depositions (instead of the four days required by the Court). They did not even attempt to comply with the spirit of the Court's four-day requirement by, for example, making a rolling production such that Meta received any documents prior to the day before the scheduled deposition. During the deposition of Ms. Newmark on August 11, 2026, counsel for Chicken Soup informed Meta that it would not be in a position to produce any documents ahead of the August 12, 2026, deposition of Bill Rouhana, and proposed moving the deposition date to accommodate. Meta explained that, pursuant to court order, the parties are required to proceed with the deposition and that Meta will hold it open given the deficient

document production. *See* July 20, 2026, Conference Transcript at 17:18-18:8; *see also August 5 Conference Hearing Tr.* at 45:20-46:7. Notwithstanding the above, Chicken Soup made a production of six documents from Mr. Rouhana's custodial file at 11:23 pm ET on August 11, 2026, mere hours before the start of Mr. Rouhana's deposition. The majority of Chicken Soup's production after 11 pm on August 11, 2026, consisted of 23,796 additional documents from Ms. Newmark's custodian file. That is, Chicken Soup produced more than 20,000 documents custodial to Ms. Newmark at 11:23 pm ET, hours *after* the conclusion of her deposition. Given Chicken Soup's untimely productions, Meta had insufficient time to do a thorough and substantive review of this custodial production prior to Ms. Newmark's or Mr. Rouhana's deposition, and it appears will not have any more than six documents prior to Mr. Rouhana's deposition. Given the belated (and incomplete) productions, Meta will hold both depositions open and is still evaluating whether there are any substantive deficiencies in the Chicken Soup productions.

*4. Third-Party Subpoenas*

<u>Plaintiffs' Position</u>: The Three Cs have served subpoenas on third parties Anthropic and OpenAI seeking documents and testimony relevant to Plaintiffs' claims and Meta's defenses. The Three Cs are also continuing their efforts to serve Stephen Roller at his personal addresses. A third attempt was conducted on August 11.

*Anthropic*. Counsel for Anthropic appeared on August 6, 2026, and requested, with the Three Cs' consent, a seven-day extension to serve responses and objections. Anthropic also requested that Plaintiffs provide a written explanation of the relevance of the requested discovery. The Three Cs provided that explanation, including that Anthropic's licensing, capability, and acquisition practices are relevant to the market-harm inquiry under 17 U.S.C. § 107(4). The parties have not yet met and conferred regarding Anthropic's responses, and no dispute is presently ripe for resolution.

*OpenAI*. OpenAI objected to the original subpoenas. Following a meet and confer on August 6, the parties agreed that the Three Cs would serve replacement subpoenas on OpenAI OpCo, LLC, identifying San Francisco as the place of compliance and providing at least fourteen days to comply, and that OpenAI OpCo would not press its entity objection. Plaintiffs served the replacement

subpoenas, which were accepted on August 7, 2026. The deposition previously scheduled for August 12, 2026, is off calendar, and the parties are coordinating a replacement date.

Dated: August 12, 2026

By *<u>/s/ Karen L. Dunn</u>*

Respectfully Submitted,

By *<u>/s/ Elizabeth Brannen</u>*

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com
cghazarian@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela L. Dunning (212047)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*

**STRIS & MAHER LLP**
Elizabeth Brannen (SBN 226234)
ebrannen@stris.com
John Stokes (SBN 310847)
jstokes@stris.com
Lauren Martin (SBN 294367)
lmartin@stris.com
17785 Center Court Dr N, Ste 600
Cerritos, CA 90703
T: (213) 995-6800
F: (213) 261-0299

Christopher M. Rigali (*pro hac vice*)
crigali@stris.com
Jacqueline Sahlberg (*pro hac vice*)
jsahlberg@stris.com
1717 K St NW Ste 900
Washington, DC 20006
T: (202) 800-5749

**FREEDMAN NORMAND FRIEDLAND LLP**
Devin (Velvel) Freedman (*pro hac vice* forthcoming)
vel@fnf.law
Kyle Roche (*pro hac vice* forthcoming)
kroche@fnf.law
Alex Potter (*pro hac vice* forthcoming)
apotter@fnf.law
155 E. 44th Street, Ste 915
New York, NY 10017
T: (646) 494-2900

*Attorneys for Plaintiffs*

**FILER'S ATTESTATION**

I, Elizabeth Brannen, am the CM/ECF user whose ID and password are being used to file this Joint Initial Case Management Statement. Pursuant to Civil Local Rule No. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: August 12, 2026

By *<u>/s/ Elizabeth Brannen</u>*
Elizabeth Brannen (SBN 226234)