[counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ENTREPRENEUR MEDIA, LLC,<br>*Plaintiff,*<br>v.<br>META PLATFORMS, INC.,<br>*Defendant.* | Case No. 3:25-cv-09579-VC (TSH)<br>**META'S DISCOVERY STATUS REPORT**<br>Judge: Hon. Thomas S. Hixson<br>Trial Date: May 24, 2027<br>Date Action Filed: November 6, 2025 |
| CHICKEN SOUP FOR THE SOUL, LLC,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-02333-VC<br>**META'S DISCOVERY STATUS REPORT**<br>Trial Date: May 24, 2027<br>Date Action Filed: March 17, 2026 |
| COGNELLA, INC.,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-04053-VC<br>**META'S DISCOVERY STATUS REPORT**<br>Trial Date: May 24, 2027<br>Date Action Filed: May 4, 2026 |
| CAMBRONNE, INC. ET AL.,<br>Plaintiffs,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-03725-VC<br>**META'S DISCOVERY STATUS REPORT**<br>Trial Date: May 24, 2027<br>Date Action Filed: December 22, 2025 |

Pursuant to the referral of discovery matters to Magistrate Judge Hixson and the Court's instruction at the August 19, 2026, Discovery Status Conference (the "August 19 Conference"), Defendant Meta Platforms, Inc. ("Meta") hereby submits the following Discovery Status Report. Meta is available for a Discovery Status Conference on September 8, 2026 (or at the Court's convenience), to discuss the outstanding issues raised below.

## INTRODUCTION

At the Case Management Conference on August 14, 2026, the Court directed all parties (Plaintiffs and Meta alike) to devote whatever resources necessary to complete discovery by September 4, 2026. The Court reiterated and reinforced this directive during the August 19 Conference, including by ordering Entrepreneur and the Three C Plaintiffs to substantially complete their productions by August 29, 2026 ("Plaintiffs' Substantial Completion Deadline").

**Entrepreneur Media.** Entrepreneur has made and continues to make productions, including what appear to be Slack messages, which Meta is in the process of assessing to determine if there is any need to file any motions to compel prior to the September 11, 2026, deadline. (That deadline is one week after the close of fact discovery, per Local Rule 37-3.)

**Three C Plaintiffs.** In contrast, the Three C Plaintiffs, particularly Cognella, have failed to comply with either the Four-Day Rule or Plaintiffs' Substantial Completion Deadline. Meta currently is evaluating the Cambronne and Chicken Soup Plaintiffs' productions to date to understand their completeness. Regarding Cognella, it has not produced a single custodial file in advance of any of the eight Cognella depositions that Meta took last week, which required Meta to hold each of those depositions open due to the lack of any custodial documents.[1] Meta has serious concerns whether Cognella will complete its productions by the September 4 fact discovery deadline, or sufficiently in advance of the current September 11, 2026, deadline to file motions to compel. Accordingly, Meta's requested relief is narrowly focused on Cognella, and specifically asks the Court to extend Meta's deadline to move to compel discovery as to Cognella from September 11, 2026, to September 18, 2026.

[1] Cognella has produced a handful of Excel spreadsheets aggregating thousands of chat messages (discussed below) that appear to include a custodian.

# I. THE "THREE C" CASES

## A. Three C Discovery

### *i. Custodial Productions*

Despite this Court's Order requiring that the Three C Plaintiffs substantially complete their custodial productions by August 29, 2026, and despite the Three C Plaintiffs' past repeated assurances that they would be able to comply with the Court's July 20, 2026, Order requiring all deponents' custodial documents to be produced four calendar days before each deposition, the Three C Plaintiffs have failed to fulfill their responsibilities. While Meta is continuing to evaluate whether the productions related to the Cambronne and Chicken Soup Plaintiffs are substantially complete, it is apparent that Cognella's custodial and non-custodial productions are thus far incomplete and substantively deficient.

In the past week, Meta has taken eight 30(b)(1) depositions of Cognella witnesses and did not receive a single custodial file in advance of <u>any</u> of these depositions. To date, Cognella has only produced some custodial files for four of its ten witnesses. Three of those productions occurred *after* Meta had taken the witness's deposition. Separately, on August 28 Cognella produced roughly 24,000 custodial files for its CEO, Bassim Hamadeh, whose deposition is occurring on Wednesday, September 2, 2026. Although Meta is still assessing Mr. Hamadeh's production, Meta anticipates his production is incomplete given his long tenure, role, and involved leadership style at the company. Virtually every deponent has testified that Mr. Hamadeh possesses the personal knowledge that they claim to lack and he has been identified as the corporate representative to speak on 19 of 20 30(b)(6) topics.

What Cognella has produced is woefully deficient. Besides the four custodial productions, Cognella's production consists of copyright registrations, Cognella's asserted works, and a series of spreadsheets with what appear to be tens of thousands of text or chat conversations between Cognella employees that are tagged as custodial to various individuals. On August 27, 2026, Meta raised with Cognella several questions about the chat spreadsheet productions, including:

- What is the source of the spreadsheets (i.e., Zoom Chat? Slack? Teams? Texts? other?) - we understand from under oath testimony that Cognella employees use both Zoom Chat and

Slack to regularly communicate about work with one another, among other forms of communications.

- Do these spreadsheets reflect how such communications are ordinarily maintained?

- The spreadsheets are an amalgamation of all sorts of different messaging threads, can you please explain how and why they are grouped in a single spreadsheet?

- The spreadsheets identify the "Sender" and "Receiver" but, with respect to what appears to be group chats, they do not identify all of the individuals who may have received the messages (including but not limited to groups labeled "Accounting + Ops," "Amex," "Cognella All-Company," "Managers," "Sales Planning," and "Wall of Praise"). Meta requested that Cognella please provide an overlay of that information for the produced spreadsheets, and include that information going forward. In the interim, we would appreciate Cognella identifying all of the individuals included in each group chat.

- The spreadsheets appear to be tagged to specific individuals despite the spreadsheets containing messages sent or received by other individuals, can you explain why there are certain individuals tagged in such instances and confirm that the tagging is accurate?

- It appears the majority of the spreadsheets are duplicates of each other, can you explain why that is the case?

Cognella has indicated it is investigating Meta's questions, and provided at least some answers on Tuesday, September 1, 2026. Meta is assessing Cognella's answers and will raise any issues with respect to the chat spreadsheets at a future date if necessary.

Meta already has been prejudiced and fears it will be prejudiced further by Cognella's lack of urgency concerning any of its discovery obligations. To date, Meta has been unable to sufficiently prepare for depositions because of the lack of any custodial documents in advance of the Cognella witness depositions. The prospect of reopened depositions does not appear to be motivating the Three Cs to abide by their obligations to timely produce discovery, especially given the current case calendar and number of days remaining in the fact discovery period. Nor does the Plaintiffs' Substantial Completion Deadline—from which Cognella did not ask the Court for relief—appear to have provided Cognella with sufficient motivation to come anywhere close to substantially completing its custodial productions on time. Given Cognella's discovery conduct thus far, Meta has serious concerns about whether Cognella will be able to fulfill its discovery obligations by the September 4, 2026, fact discovery deadline. Meta notes that opening expert reports are also due shortly thereafter, on September 18, 2026.

Given the state of Cognella's discovery to date, Meta is unable to assess the deficiencies of Cognella's productions (other than the ones mentioned herein). To provide sufficient time to do so—and based on the assumption Cognella will complete discovery by September 4, 2026, as required under the Court's scheduling order—Meta seeks additional time to review the sufficiency of Cognella's productions. Meta requests an extra week to move to compel discovery, moving the deadline from September 11 to September 18, 2026, only as to its affirmative motions to compel Cognella. Given the significant delays in Cognella's document productions to date, there is significant risk to the expert report deadlines. Meta reserves the right to address these additional schedule concerns depending on the outcome of the relief Meta currently seeks.

*ii. Interrogatory Responses*

Meta believes there are still significant deficiencies in the Three C interrogatory responses provided to-date. Meta intends to move to compel responses for several of Meta's interrogatories to the Three Cs. The letter briefing for that motion is underway, and the motion will be filed before September 11, 2026.

*iii. Depositions*

By the end of this week, Meta will have taken the depositions of 10 Cognella employees, four Chicken Soup employees, and four Cambronne Plaintiffs pursuant to Federal Rule of Civil Procedure 30(b)(1). Meta has taken the corporate deposition of Chicken Soup and will take the depositions of Cognella witnesses pursuant to Federal Rule of Civil Procedure 30(b)(6) this week. In addition, Meta noticed the deposition of third-party Curiosity Inc. for today, September 1, 2026. Curiosity Inc. is an entity that entered into a licensing agreement with Chicken Soup for the Soul related to AI training. Curiosity Inc. failed to produce a witness on the date noticed for the deposition after being properly served. Meta may seek a motion to compel the deposition of Curiosity Inc. after September 4, 2026, due to Curiosity's failure to produce a witness.

**B. Meta Discovery**

To Meta's knowledge, the only potential issue that the Three Cs may raise in their status report relates to Meta's supplementation of Interrogatories 1-7.

Pursuant to the Court's orders at the last discovery conference, Meta supplemented the Chicken Soup and Cambronne interrogatory responses on August 24, provided a narrative response for Cognella on August 24 and followed up with tables of identified works for Cognella on August 29. Following the August 24 supplementations, the parties met and conferred on August 26 regarding additional supplementation requested by the Three Cs. Following that meet and confer, Meta had been assessing further supplemental responses for each of the Three Cs and had intended to serve further supplemental responses this week. However, shortly before Meta filed this statement, Plaintiffs unexpectedly served a letter brief on these issues. Meta is reviewing that letter brief and will work with the Three Cs to present any remaining issues to the Court.

To the extent the Three Cs raise other discovery issues in their status report, Meta has not had an opportunity to consider any such issues or had an opportunity to respond. If the Three Cs do raise new issues, Meta will endeavor to meet and confer with the Three Cs ahead of any discovery conference the Court schedules.

## II. ENTREPRENEUR MEDIA

### A. Entrepreneur Discovery

#### *i. Custodial Productions*

Meta is currently assessing Entrepreneur's compliance with the Court's orders regarding its productions and does not request any relief from the Court with respect to Entrepreneur at this time. During the August 19 Conference, the Court issued three orders directed at Entrepreneur. First, the Court ordered Entrepreneur to file a status report concerning Slack by August 24. *Entrepreneur*, Dkt. 139 at 47:25–48:1. Second, the Court ordered that Entrepreneur substantially complete the production of documents and communications for Messrs. Frazier and Strain by August 27. *Id.* at 48:4–6. Third, the Court ordered that Entrepreneur substantially complete the production of documents and communications for the remaining custodians by August 31. *Id.* at 48:7–9. The status of Entrepreneur's compliance with each of these orders is addressed in turn.

With respect to Slack, the Court recognized at the August 19 Conference that Entrepreneur's production of Slack documents is an "urgent issue" and ordered Entrepreneur "to address it

urgently." *Id.* at 38:19–20. On August 24, 2026, Entrepreneur filed a status report stating that it "obtained the Slack messages ('Slacks') in which the ten custodians participated." *Entrepreneur*, Dkt. 136 at 1. Entrepreneur made a production of Slack messages on August 26, 2026, and an additional production of Slack messages on August 31, 2026. Meta is currently reviewing the productions and will file a motion to compel by September 11, 2026, if it determines that Entrepreneur's Slack production is incomplete.

With respect to Entrepreneur's substantial completion of the production of documents and communications for Messrs. Frazier and Strain, Entrepreneur has continued to produce Mr. Frazier's custodial documents after the August 27, 2026, deadline, and has not represented that his custodial production is complete yet. Accordingly, Meta is unable to assess the extent to which Entrepreneur substantially completed the production of Mr. Frazier's documents by August 27, 2026. Finally, Meta is in the process of assessing Entrepreneur's compliance with the August 31, 2026, deadline to substantially complete productions for the remaining custodians, including the extent to which the productions included relevant documents identified by Entrepreneur witnesses at depositions that had not been produced.

*ii. RFA Responses*

As the Court is aware, Meta and Entrepreneur have reached an impasse regarding Entrepreneur's deficient responses to certain of Meta's RFAs. The parties have prepared a joint letter brief concerning Entrepreneur's responses to RFA Nos. 33, 34, 91, 168, 176, and 182 and filed that letter.

*iii. Depositions*

Meta has taken the deposition of nine Entrepreneur witnesses pursuant to Federal Rule of Civil Procedure 30(b)(1) and is scheduled to complete the depositions of Entrepreneur's 30(b)(6) witnesses this week. Meta has held open each of the Entrepreneur 30(b)(1) depositions because no deponents' custodial documents were produced four days before their deposition. *See Entrepreneur*, Dkt. No. 87.

**B. Meta Discovery**

Meta and Entrepreneur have continued to work cooperatively on several matters that Entrepreneur has requested additional information about or supplementation of prior discovery responses. The parties have not reached impasse on any matters with Meta's discovery responses, but if there is a dispute that needs to be addressed with the Court, the parties anticipate doing so next week by the fact discovery motion deadline.

Dated: September 1, 2026

Respectfully Submitted,

By: /s/ *Karen L. Dunn*

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com
cghazarian@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela L. Dunning (212047)
151 University Avenue
Palo Alto, CA 94301-1632
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*