UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHICKEN SOUP FOR THE SOUL, LLC,<br>Plaintiff,<br>v.<br>META PLATFORMS INC.,<br>Defendant. | **DISCOVERY ORDER**<br>Case No. 26-cv-02333-VC (TSH)<br><br>Re: Dkt. No. 139 |
| CAMBRONNE INC., et al.,<br>Plaintiffs,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 26-cv-03725-VC (TSH)<br><br>Re: Dkt. No. 264 |
| COGNELLA, INC.,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 26-cv-04053-VC (TSH)<br><br>Re: Dkt. No. 117 |

**A. Chicken Soup for the Soul (26-cv-2333, ECF No. 139)**

So, the way a motion to compel works is that first you explain why the discovery you are seeking is relevant and proportional to the needs of the case. Then you explain why your opponent's unwillingness to give it to you has no merit.

Don't skip the first part. Until you've explained why the discovery you want is relevant and proportional to the needs of the case, you haven't shown that the discovery you want is

United States District Court
Northern District of California

permitted by Rule 26(b)(1), and on a motion to compel, if you haven't shown that, you haven't shown anything.

In this joint discovery letter brief, Meta is moving to compel on 421 requests for admission. Meta does not explain why any of these RFAs seek relevant and proportional discovery, let alone why all 421 of them do. Instead, Meta attacks Plaintiff's objections, saying they do not comply with Rule 36 or are boilerplate or otherwise improper.

This won't do. You can't win a motion to compel by only attacking the other side's objections. You have to explain why the discovery you want is relevant and proportional to the needs of the case. There are two good reasons why a moving party has to make that showing. First, it is unreasonable to hand the Court dozens or hundreds of discovery requests and expect the Court on its own to see their relevance. For example, Meta's RFA 22 asks the Plaintiff to "Admit that YOU have used a GENERATIVE AI TOOL." But how is that relevant? Or consider RFA 80: "Admit that all of the ASSERTED WORKS are works of nonfiction." Again, how is that relevant? Meta might very well have good arguments for why this discovery is relevant, but litigation is adversarial, so Meta has to make its arguments. Meta cannot assume that its relevance and proportionality arguments will make themselves, or that no one needs to make them.

Second, the Court has a good imagination, so for many of these RFAs the Court can imagine reasons why they might be seeking relevant information. But relevance arguments dreamed up by the Court are unfair because the opposing party had no opportunity to respond to them. Meta is the moving party on this motion to compel. It's job was to argue that the discovery it seeks is relevant and proportional to the needs of the case. Meta did not do that here, and indeed it did not try. Therefore, its motion to compel is **DENIED**.

**B. Cambronne (26-cv-3725, ECF No. 264)**

This motion to compel is similar to the one above, except that here Meta is moving to compel on 130 RFAs across four Plaintiffs. However, the motion to compel, which is largely a cut-and-paste job from the other cases, makes no relevance and proportionality arguments and solely attacks Plaintiffs' objections. It is **DENIED**.

**C. Cognella (26-4053, ECF No. 117)**

Here, Meta moves to compel on 131 RFAs, again with no relevance and proportionality



United States District Court
Northern District of California

arguments and solely by criticizing Plaintiff's objections. Meta's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 30, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California