UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHICKEN SOUP FOR THE SOUL, LLC,<br>Plaintiff,<br>v.<br>META PLATFORMS INC.,<br>Defendant. | **DISCOVERY ORDER**<br>Case No. 26-cv-02333-VC (TSH)<br><br>Re: Dkt. No. 136 |
| CAMBRONNE INC., et al.,<br>Plaintiffs,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 26-cv-03725-VC (TSH)<br><br>Re: Dkt. No. 263 |
| COGNELLA, INC.,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 26-cv-04053-VC (TSH)<br><br>Re: Dkt. No. 112 |

Meta moves to compel further responses to its interrogatories in the above cases. The Court addresses those motions below.

**A. Meta's Motion to Compel Chicken Soup's Interrogatory Responses (26-cv-2333, ECF No. 136)**

Meta moves to compel further responses to rogs 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Chicken Soup opposes.

United States District Court
Northern District of California

**1. Rogs 1, 2 and 6**

Rog 1 asks:

> DESCRIBE all facts regarding the PERSONS who had a role, involvement, and/or contribution to the creation of each of the ASSERTED WORKS, including by providing (i) their full name; (ii) contact information; (iii) a description of their role, involvement, or contribution; (iv) how if at all they were compensated; and (v) whether there is any agreement with such PERSONS RELATING to the ownership or licensing of the ASSERTED WORKS (e.g. RELATING to sharing of revenue, royalties, ownership interest share, rights conferred, or work for hire agreement(s)).

Rog 2 asks:

> DESCRIBE all facts regarding all PERSONS (including but not limited to YOU or any publishers or digital or print platforms) who claim or have an ownership interest in the ASSERTED WORKS (whether by assignment, license, or otherwise), including by providing (i) their full name; (ii) contact information; (iii) a description of their ownership interest; and (iv) identification of supporting DOCUMENTS (by Bates number or otherwise).

Rog 6 asks:

> For each of the ASSERTED WORKS for which there were contributors (i.e., individuals who wrote any portion of an ASSERTED WORK that YOU claim contains protected expression), DESCRIBE all facts RELATING to the basis on which YOU claim ownership of their contributions, including but not limited to IDENTIFICATION of the contributors and details of any written assignments.

Chicken Soup's principal objection is that these rogs are overly burdensome. Chicken Soup publishes anthologies of stories, and it says that each book has many, many contributors. It has been publishing these anthologies for more than 30 years. Meta seems to agree that these rogs are broad, complaining that Chicken Soup's Rule 33(d) citation to "only" 1,359 pages of contributor agreements "cannot account for all contributors to hundreds of anthologies collecting scores of stories apiece."

Chicken Soup doesn't say that it doesn't have the requested information, and common sense suggests that a publisher of anthologies probably has this information somewhere. The Court thinks that with infinite time and effort, Chicken Soup probably could give complete, or at least very good, answers to these rogs. But the Court also thinks that project likely would require nearly infinite time and effort. And to what end? Is Meta planning to challenge Chicken Soup's

United States District Court
Northern District of California

ownership of the asserted works on a story-by-story basis? That trial would make the Trojan War look short. The Court concludes that this discovery is not proportional to the needs of the case, and **DENIES** Meta's motion to compel on rogs 1, 2 and 6.

**2. Rog 3**

This rog asks:

> For each of YOUR ASSERTED WORKS, IDENTIFY each instance in which another PERSON has been licensed, permitted, or authorized to copy, display, distribute, publicly perform, or otherwise exercise any Section 106 rights with respect to each ASSERTED WORK, including by providing the date, PERSON, and agreement regarding each instance.

Chicken Soup's response has a Rule 33(d) citation to its license agreements. Meta complains about Chicken Soup responding solely with a 33(d) response and no narrative, but Meta also says that the cited licensing agreements do not necessarily have the information requested by rog 3. Chicken Soup stands on its 33(d) reference and says that Meta is not entitled to have each license retyped into a narrative response that says what that license already says.

In the abstract, the Court does not see why a 33(d) reference without an accompanying narrative is necessarily problematic for this rog. It asks about each instance in which another person was authorized to exercise a 106 right, and it seems like licenses would be those instances. However, Meta is right that a 33(d) response is insufficient if the cited documents do not contain all the information sought by the rog. Accordingly, the Court **GRANTS** Meta's motion to compel rog 3 **IN PART** and **ORDERS** Chicken Soup to supplement its response to rog 3 with a narrative that contains any of the information requested by the rog that is not in the cited documents.[1]

**3. Rog 5**

This one asks:

> DESCRIBE (including with sufficient IDENTIFICATION) each ASSERTED WORK, including but not limited to identification of its: (a) title; (b) U.S. Copyright Office registration number; (c) registration date; (d) description of the work; (e) author(s); (f) date of first publication of the work; (g) current owner; (h) any chain-of-title

[1] The Court has not reviewed the cited documents. If all the requested information is in them, there is nothing further for Chicken Soup to do.

> agreements establishing YOUR ownership thereof; and (i) the exclusive right allegedly infringed by Meta in connection with YOUR allegations in the ACTION.

For subparts (a) through (h), this dispute is a repeat of rog 3. The Court **ORDERS** Chicken Soup to serve a supplemental response to rog 5 that has a narrative that contains any of the requested information that is not in the cited documents.

One thing that is different from rog 3 is that subpart (i) is a contention rog, asking which 106 right was infringed for each asserted work. In its supplemental response to rog 5, Chicken Soup states:

> Based on the information presently available to it, Plaintiff contends that Meta infringed (i) Plaintiff's exclusive right to reproduce the ASSERTED WORKS in copies, 17 U.S.C. § 106(1), through Meta's downloading, copying, ingestion, preprocessing, storage, deduplication, formatting, tokenization, and use of the ASSERTED WORKS in developing and training the META AI MODELS; and (ii) Plaintiff's exclusive right to distribute copies of the ASSERTED WORKS to the public, 17 U.S.C. § 106(3), through Meta's uploading of the ASSERTED WORKS to third parties by using torrenting. Plaintiff further contends that Meta is contributorily liable for third parties' infringement of those same exclusive rights, and that Meta violated 17 U.S.C. § 1202(b)(1) by removing copyright management information from the ASSERTED WORKS. Plaintiff is not presently able to state, on a work-by-work basis, which exclusive right was infringed as to each ASSERTED WORK, because Meta has not identified which ASSERTED WORKS it acquired, the sources from which it acquired them, or what it did with them after acquisition. Plaintiff reserves the right to supplement, including to identify additional exclusive rights infringed, upon Meta's substantive response to Plaintiff's interrogatories.

Meta complains about the statement that "Plaintiff is not presently able to state, on a work-by-work basis, which exclusive right was infringed as to each ASSERTED WORK," saying that it has provided the referenced information. However, regardless of what Meta has produced in discovery, subpart (i) is a contention rog, and Chicken Soup decides what it contends. Meta is asking for a per-asserted-work contention, but Chicken Soup says it doesn't have contentions at that level of detail. There is no reason to think that Chicken Soup has contentions in response to subpart (i) that are any more specific than what is contained in its response to rog 5. Therefore, this is an acceptable answer to subpart (i), and Meta motion to compel a more detailed answer is **DENIED**.



United States District Court
Northern District of California

United States District Court
Northern District of California

**4. Rog 7**

This rog asks:

> For each ASSERTED WORK, DESCRIBE the date(s) during which the work was made available (either by YOU or with YOUR knowledge or permission) to the public (whether for viewing, displaying, downloading, or other consumption), in whole or in part, without access control or other restrictions (by way of example only, promotional excerpts, full text availability on YOUR website(s), free downloads, etc.), and the reasons why YOU made it available without access control or other restrictions.

Chicken Soup's response states in narrative form a general description of when it does this, and why it does this, then adds: "Chicken Soup does not maintain a record identifying the dates on which individual ASSERTED WORKS or portions thereof may have been made available for preview or review purposes." This is an acceptable answer. Chicken Soup answered what it could and explained it does not have the records to enable a more detailed answer. Meta's motion to compel on rog 7 is **DENIED**.

**5. Rog 8**

This one asks:

> DESCRIBE all of the authorized channels through which the ASSERTED WORKS have been made available to the public (whether for download, sale, display, or otherwise) including but not limited to IDENTIFYING all websites (by URL), subscription services (e.g. Kindle) and retail outlets (e.g. bookstores, by name and location) and provide the dates each of the ASSERTED WORKS were first and last available in such channels.

Chicken Soup's answer says that it is investigating the issue, likely does not have records tracking the first and last dates of availability for each asserted work or going back 33 years, and might produce some documents in the future that have some of this information. Chicken Soup does not identify even a single authorized channel in its response. Meta says this is insufficient, pointing out that two pages earlier in its response to rog 7, Chicken Soup referred to Amazon Kindle, Barnes & Noble Nook, Google, and Apple Books. Incredibly, Chicken Soup states in the letter brief that rog 8 "has been answered with the information available to Chicken Soup."

It is plainly impossible that a book publisher could have zero knowledge of any of the authorized channels through which its works have been made available to the public. Even if

Chicken Soup does not have all of the information sought by rog 8, it must provide the information it does have. The Court **GRANTS** Meta's motion to compel as to rog 8.

**6. Rogs 9 and 10**

Rog 9 asks:

> If YOU contend that Meta's alleged use of YOUR ASSERTED WORKS in connection with the research, development, and/or training of any META AI MODEL does not constitute fair use, in whole or in part, because the operation and/or use of any META AI MODEL caused YOU harm, whether to the market or potential market for, or the value of YOUR ASSERTED WORKS, DESCRIBE all facts supporting the complete basis for any such contention, including but not limited to the IDENTITY of each ASSERTED WORK whose market YOU contend is harmed, the IDENTITY of the purported market for the ASSERTED WORK YOU contend was harmed, each specific operation or use of the META AI MODEL that YOU contend has resulted in such harm, the specific harm YOU contend was caused by that operation or use, and a detailed explanation of how such operation or use of the META AI MODEL purportedly resulted in such harm.

Rog 10 asks:

> DESCRIBE all facts supporting YOUR allegations that YOU were harmed (including but not limited to any injury, lost sales, lost subscriptions, or lost opportunities, alleged market harm, and/or market dilution) by any META AI MODEL, including but not limited to: (a) any opportunities, subscriptions, or readership allegedly lost because of a META AI MODEL, including but not limited to any specific customers or licensing opportunities or subscriptions lost, and any sales channels affected; (b) the factual basis for YOUR contention that a causal connection between YOUR alleged harm and a META AI MODEL exists; (c) economic or statistical methods YOU used to evaluate that harm; (d) any additional, alternative or contributory factors YOU evaluated in considering the reasons for that alleged harm (e.g., macroeconomic shifts, non-Meta AI models or tools, the availability of similar content online, shifting market dynamics, pricing, or competition); and (e) YOUR quantification of such harm including corresponding financial figures, readership data, subscription data, or other DOCUMENTS used or referenced as the basis for computing such harm, the methodology used by YOU to compute such harm, and all PERSONS who supplied knowledge or information that informed the foregoing.

Chicken Soup's responses to these rogs are satisfactory. The responses state Chicken Soup's contentions on these matters. To be sure, Chicken Soup's responses are at a certain level of generality and do not provide "all facts" as requested by Meta. But the level of detail Meta seeks in these rogs is unreasonable. Accordingly, Meta's motion to compel is **DENIED** as to rogs

9 and 10.

**7. Rog 11**

This rog asks: "DESCRIBE YOUR processes, procedures, and/or guidelines for the use of GENERATIVE AI TOOLS by YOUR employees and contractors, including IDENTIFICATION of the PERSONS most knowledgeable about the development and implementation of such processes, procedures, and/or guidelines."

Chicken Soup says that information is irrelevant. Meta does not provide a theory of relevance. The Court agrees with Chicken Soup and **DENIES** Meta's motion to compel on rog 11.

**8. Rogs 12 and 13**

Rog 12 asks:

> DESCRIBE all facts supporting YOUR allegation that Meta transmitted or uploaded to any THIRD PARTY any ASSERTED WORK, or any portion thereof, during TORRENTING, including but not limited to the IDENTIFICATION of any THIRD PARTIES who received any ASSERTED WORK (or portion thereof) from Meta, all details of how the alleged transmission or uploading of any ASSERTED WORK (or portion thereof) occurred, DOCUMENTS evidencing such transmission or uploading, and all PERSONS with knowledge of such alleged transmission or uploading.

Rog 13 asks:

> DESCRIBE all facts supporting YOUR allegation that Meta contributed to the infringement of any ASSERTED WORK, or any portion thereof, including but not limited to the IDENTIFICATION of (a) any THIRD PARTY to whose infringing activity Meta allegedly contributed, (b) all conduct by Meta that allegedly contributed to the infringement of any ASSERTED WORK by such THIRD PARTY, (c) all facts supporting any contention that Meta knew or had reason to know that its conduct materially contributed to such THIRD PARTY's infringement, (d) DOCUMENTS evidencing Meta's alleged contributory infringement, and (e) all PERSONS with knowledge of Meta's alleged contributory infringement.

Chicken Soup's responses provide the responsive information known to it and candidly state that Chicken Soups does not have a lot of the information Meta seeks. These are contention rogs, and there is no reason to think that Chicken Soup has withheld disclosure of its contentions. Accordingly, Meta's motion to compel is **DENIED** as to rogs 12 and 13.



United States District Court
Northern District of California

United States District Court
Northern District of California

**9. Conclusion**

Meta's motion to compel is **GRANTED IN PART** and **DENIED IN PART** as stated above. Any amended rog responses are due in 30 days.

**B. Meta's Motion to Compel Cambronne Plaintiffs' Interrogatory Responses (26-cv-3725, ECF No. 263)**

Meta moves to compel further responses from Cambronne Inc., Lisa Barretta, Jane Adams and Matthew Sack to certain of its interrogatories.

**1. Rogs 1 and 2**

These are the same as rogs 1 and 2 to Chicken Soup, quoted above. However, these Plaintiffs are differently situated. Paragraphs 15, 16, 18 and 19 of the Second Amended Complaint (ECF No. 192) allege that these Plaintiffs are each the author of one or two books (or in the case of Cambronne Inc., a company that is wholly owned by the author, John Carreyrou). The books do not appear to be anthologies or collections of works written by numerous other people, as Carreyrou, Barretta, Adams and Sack are each alleged to be "the" author of the listed books. Consistent with these allegations, Exhibit A to the SAC lists only six registered works by these authors. The Court recognizes that paragraph 21 of the SAC says this is a "non-exhaustive list" of registered copyrights owned by these Plaintiffs, but even if the exhaustive list is double or triple the non-exhaustive list, we're still talking about a handful of books. This means that when it comes to burden, the Cambronne Plaintiffs are in a very different position than Chicken Soup is. Now we're not talking about decades of anthologies written by many, many contributors. Ownership of the asserted works is a relevant subject, and for these Plaintiffs providing much of the requested information wouldn't be hard at all.

The rogs are still somewhat overbroad, though. Instead of "all facts," the Court limits the rogs to "the basic facts." Further, if a responsive "person" is an entity (for example, a publishing company), it will be sufficient to list the entity, and Plaintiffs need not list every human being at the entity. For rog 1, the Court thinks that subparts (i)-(iv) have to be answered in a narrative fashion and cannot be answered in a 33(d) reference. However, subpart (v) can potentially be answered in a 33(d) reference if the cited documents provide the information requested by subpart

(v). For rog 2, the Court think subparts (i)-(iii) must be answered in a narrative fashion. Subpart (iv) may, and probably has to be, answered with a 33(d) reference.

Accordingly, Meta's motion to compel on rogs 1 and 2 is **GRANTED IN PART** as described above.

**2. Rog 3**

The Court's ruling concerning rog 3 is the same for the Cambronne Plaintiffs as it is for Chicken Soup.

**3. Rog 4**

This rog asks:

> DESCRIBE all facts regarding when YOU first became aware of Meta's alleged infringement of YOUR ASSERTED WORKS including but not limited to the facts and circumstances surrounding YOUR becoming aware of this alleged infringement and IDENTIFY PERSONS most knowledgeable thereof.

Meta moves for further responses to rog 4 against Barretta, Adams and Sacks, but not Cambronne. Each individual answered this rog identically:

> Subject to and without waiving the foregoing objections, Plaintiff responds that it is continuing to investigate the facts relating to Meta's acquisition and use of the ASSERTED WORKS. Plaintiff became aware of suspected infringement at some point in approximately December 2025.
>
> The person most knowledgeable about this interrogatory is [Plaintiff] who can be reached through Plaintiff's counsel.

Meta observes that the rog asked for the circumstances under which Plaintiffs became aware, not just the date. In the letter brief, "Plaintiffs stand on their objections to this interrogatory, in particular their objections related to disproportionality and attorney-client privilege."

The disproportionality objection is a makeweight, and the Court disregards it. However, without knowing more, the Court cannot say that the attorney-client privilege has no application here. For its part, Meta does not address the attorney-client privilege. Accordingly, the Court **GRANTS** Meta's motion **IN PART** and **ORDERS** Barretta, Adams and Sacks to provide non-privileged information responsive to rog 4.

**4. Rog 5**

The Court's order is the same as its order on rog 5 to Chicken Soup.

**5. Rogs 6 and 11**

Meta moves to compel on rogs 6 and 11 against Cambronne alone. They are the same as rogs 6 and 11 to Chicken Soup. Meta complains about the portion of Cambronne's response to rog 6 that states: "Plaintiff is the sole contributor and has produced the text, copyright registration and publishing agreement which form the basis of ownership." Meta observes that this response is not truthful because Plaintiff Cambronne is a corporation, and its asserted work was written by John Carreyrou; therefore, it cannot be the case that "Plaintiff is the sole contributor." The Court **ORDERS** Cambronne to serve an amended response correcting this error. The amended response must also describe the basis on which Cambronne claims ownership of something written by Carreyrou. If that can be discerned from an assignment or other document, a 33(d) citation is sufficient.

For rog 11, the Court still does not see its relevance, but in any event, Cambronne has answered it. The rog asks: "DESCRIBE YOUR processes, procedures, and/or guidelines for the use of GENERATIVE AI TOOLS by YOUR employees and contractors, including IDENTIFICATION of the PERSONS most knowledgeable about the development and implementation of such processes, procedures, and/or guidelines." Cambronne answered: "Plaintiff responds that he [*sic*] does not have employees or contractors." Meta responds that an entity that holds and exploits an author's work has at minimum a contractual relationship with that author.

However, Meta is unfairly interpreting its own rog. The rog asked about "employees and contractors," and when those two terms are used together, they mean "the people who work for you, even if they do not have a formal, common law employment relationship with you." The word "contractors" in this context does not mean "everyone with whom you have a contractual relationship" – the meaning Meta is now trying to give it in the motion to compel. For example, if you're running a construction site, your employees and contractors are the people doing the construction and do not include your suppliers, even though you presumably have contracts with

United States District Court
Northern District of California

them. Here, there is no showing that Carreyrou works for Cambronne, so Meta's motion to compel is **DENIED** as to rog 11.

**6. Rog 7**

The Court's ruling is the same as for rog 7 to Chicken Soup.

**7. Rog 8**

The Court's ruling is the same as for rog 8 to Chicken Soup.

**8. Rogs 9 and 10**

The Court's ruling is the same as for rogs 9 and 10 to Chicken Soup.

**9. Rogs 12 and 13**

The Court's ruling is the same as for rogs 12 and 13 to Chicken Soup.

**10. Conclusion**

Meta's motion to compel is **GRANTED IN PART** and **DENIED IN PART** as stated above. Any amended rog responses are due in 30 days.

**C. Meta's Motion to Compel Cognella's Interrogatory Responses (26-cv-4053, ECF No. 112)**

Meta moves to compel further responses to several of its interrogatories by Cognella.

**1. Rogs 1, 2 and 6**

These are the same as rogs 1, 2 and 6 to Chicken Soup. The Court concludes that when it comes to the burden of responding to these rogs, Cognella is similarly situated to Chicken Soup. Paragraph 15 of the Complaint alleges that Cognella is an academic publisher "and the owner or exclusive licensee of thousands of copyrights in textbooks, course readers, custom course packs, and other learning materials." Paragraphs 22 to 24 make clear that Cognella's publications include content from many, many contributors, and paragraph 21 alleges Cognella has been in this business for more than 30 years. Accordingly, the Court's ruling is the same as it is for rogs 1, 2 and 6 to Chicken Soup.

**2. Rog 3**

Cognella's response does not provide the requested information and also does not contain a 33(d) reference to any particular documents. Cognella lists some documents it produced in its

section of the joint discovery letter brief, but that is no substitute for a rog response. Meta's motion to compel on rog 3 is **GRANTED**.

**3. Rog 5**

The Court's order is the same as its order on rog 5 to Chicken Soup.

**4. Rog 7**

The Court's order is the same as its order on rog 7 to Chicken Soup.

**5. Rog 8**

Cognella's response identifies the authorized channels and states that the company does not have the more detailed information the rog seeks. This is acceptable, and Meta's motion to compel on rog 8 is **DENIED**.

**6. Rogs 9 and 10**

The Court's order is the same as its order on rogs 9 and 10 to Chicken Soup.

**7. Rog 11**

The Court's order is the same as its order on rog 11 to Chicken Soup.

**8. Rogs 12 and 13**

The Court's order is the same as its order on rogs 12 and 13 to Chicken Soup.

**9. Conclusion**

Meta's motion to compel is **GRANTED IN PART** and **DENIED IN PART** as stated above. Any amended rog responses are due in 30 days.

**IT IS SO ORDERED.**

Dated: October 2, 2026

THOMAS S. HIXSON
United States Magistrate Judge